### HENRY MORAY v. THE STATE.

No. 1607.    Decided February 13, 1912.

**1.—Burglary—Allusion to Defendant's Failure to Testify.**

Where it is apparent from the record that the court below heard evidence on the allegation in defendant's motion for new trial that the jury alluded to his failure to testify, it must be presumed, in the absence of a statement of facts, that the court properly overruled the motion.

**2.—Same—Evidence—Identification.**

Where the owner of the alleged stolen property positively identified the same, there was no error in admitting testimony that she received it from one who had received it from defendant.

**3.—Same—Evidence—Explanation.**

Upon trial of burglary, where the defendant showed that he gave a different explanation as to where he got the alleged stolen ring than he did on a former trial, there was no error to permit the State to show that he had made contradictory statements on a former trial.

**4.—Same—Evidence.**

Where the owner of the alleged stolen property positively identified the same, there was no error in excluding testimony that another person would not be willing to testify to such identification.

**5.—Same—Argument of Counsel.**

Where, upon trial of burglary, the remarks of State's counsel in opening his argument were not improper, but rather to be commended, there was no error.

**6.—Same—Charge of Court—Recent Possession.**

Where defendant was found in possession of the alleged stolen property and the court properly charged on circumstantial evidence, etc., there was no error to refuse defendant's requested charge which was not the law of the case.

**7.—Same—Possession of Stolen Property—Charge of Court.**

When a person is found in possession of stolen property, no matter how long after the theft, that fact is admissible in evidence with other circumstances, and his explanation of his possession, if any is given, should be submitted to the jury, and where the court's charge, on trial of burglary, did this, there was no error.

**8.—Same—Charge of Court.**

Where the requested charges were either covered in the main charge or did not present the law applicable to the case, there was no error.

Appeal from the District Court of Hill.   Tried below before the Hon. C. M. Smithdeal.

Appeal from a conviction of burglary; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, Judge.—Appellant, under an indictment found by the grand jury, was tried and convicted of burglary, and his punishment assessed at five years in the penitentiary.   This is the second appeal in this case, the judgment on the former appeal being found in 61 Texas Crim. Rep., 547, 549, 135 S. W. Rep., 569.   In his amended motion for new trial, defendant alleges the misconduct of the jury, and states that his failure to testify on this trial was discussed by the jury after their retirement.   It is apparent from the record that the court heard evidence on the allegations in the motion; this evidence is not brought before us, either in the statement of facts, by bill of exceptions or otherwise; consequently, we must presume that the evidence justified the action of the court in overruling the motion for new trial.   Not having the evidence before us, we would not be authorized to presume that the court acted erroneously in the matter.

A number of bills of exceptions were reserved to various portions of the testimony of Mrs. John Anderson, who testified that on the night the house was entered she lost a ring; that she had gotten the ring back, Mr. Glasgow delivering it to her.   That she had the ring now, identified it and exhibited it to the jury.   That the night the ring was stolen, it was lying on the dresser in her room.   Mr. Glasgow testified that he got the ring from appellant at the time he was arrested, and he carried it and delivered it to Mrs. Anderson.   This testimony was also objected to; Mrs. Anderson positively identified the ring returned to her as the one she lost.   There was no error in admitting this testimony.

After the State had rested its case in chief, the appellant had Mr. Glasgow recalled, and developed the fact that the night appellant was arrested, he stated to him that he (appellant) had bought the ring from a man in Hillsboro, when the State proved by the witness that on the former trial appellant had testified he got the ring from a man in Corsicana, not naming him, saying that they were staying at the same hotel in Corsicana.   The appellant objected to the witness being permitted to state what the appellant had testified on a former trial.   If the appellant developed the fact that he had made one statement accounting for his possession of the ring, it would be admissible for the State to show that he had made contradictory statements, and when testifying in his own behalf had claimed that he

secured the ring at another and different place. In Smith v. State, 75 S. W. Rep., 298, the contention of appellant is decided adversely to him. See also Preston v. State, 41 Texas Crim. Rep., 300; Collins v. State, 39 Texas Crim. Rep., 441.

The appellant asked his witness, Mr. Hafner, a jeweler: "If you as juror had worn that ring or similar ring for six or eight years, and had not seen it for several months and was shown that or a similar ring, and there was no peculiar mark upon it, state whether or not you could undertake to identify it?" The court sustained an objection to this question. Mrs. Anderson had positively identified the ring as the one that had been stolen from her, and the fact that another person would not be willing to so testify would not be legitimate evidence. The appellant's counsel, in presenting the case to the jury in his argument, could present the fact that her testimony was unreasonable if he so desired, and doubtless did so, but that another person would or would not be willing to so testify would be immaterial.

The court in approving the bill excepting to the remarks of the county attorney qualified it thus: "The county attorney did not within the hearing of the court use such language to the jury, nor was any exception taken to any language used by the county attorney except the following: In opening his argument the county attorney said that he felt that it was proper for him to warn the jury not to discuss anything in their retirement except the evidence introduced on the trial of the case—that sometimes courts had to set aside verdicts because juries discussed matters not proper for them to discuss and it was important for them to confine themselves to the consideration of the court's charge and the evidence admitted before them." Such remarks as shown by this qualification were not improper, but rather to be commended. If prosecuting officers, in language couched as is this, would call the attention of the jury to the fact that they must not discuss or consider any fact, except the evidence, it might prevent a number of reversals.

The court's charge on circumstantial evidence and alibi was full, and in language frequently approved by this court, and it was not necessary to give the special charge requested in these respects. The appellant requested the court to charge the jury: "You are instructed that the defendant's possession of the ring in July, 1910, after the alleged burglary in February, does not raise a presumption of defendant's guilt and you must not consider defendant's possession of the same for any purpose." This is not the law and the court did not err in refusing to give same. The fact that appellant was found in possession of the stolen ring was a circumstance to be considered along with other circumstances in the case.

The court instructed the jury: "The evidence shows that the defendant told Frank Glasgow that the ring which it is claimed the defendant had in his possession at the time the said Frank Glasgow

arrested him was bought by the defendant. Now, if you should believe from the evidence that the ring which was found in the possession of the defendant, if any ring was found in his possession, was not the ring claimed to have been lost by Mrs. Anderson, or that the defendant bought said ring from any person in Hillsboro or anywhere else, or if you should have a reasonable doubt as to either of said matters, you will acquit the defendant and say by your verdict, 'not guilty.' This paragraph is not subject to the criticism contained in appellant's motion, and it presented the defense of appellant in an affirmative way. The contention of appellant that because it was five months subsequent to the alleged burglary, when defendant was found in possession of the ring, the possession by defendant could not be considered by the jury at all, is not sound. When a person is found in possession of stolen property, no matter how long after the theft, that fact is admissible in evidence with other circumstances, and his explanation of his possession, if any is given, should be submitted to the jury, and this the court did in his charge.

We have carefully reviewed each ground in the motion for new trial, and, while not discussing all of them, find that the special charges requested, or such of them as presented the law applicable to this case, were covered by the court in his main charge. Finding no reversible error, the judgment is affirmed.

*Affirmed.*