### Henry Moray v. The State.

#### No. 1606.   Decided March 20, 1912.

1.—Burglary—Private Residence.

Where, upon trial of burglary, the evidence sustained the conviction, there was no reversible error.

2.—Same—Charge of Court—Circumstantial Evidence.

Where, upon trial of burglary, the evidence was direct and positive, there was no error in the court's failure to charge on circumstantial evidence.

3.—Same—Charge of Court—Requested Charges.

Where, upon trial of burglary, the court charged properly on all the issues raised by the evidence, including that of defendant's identification, there was no error in refusing special charges.

4.—Same—Evidence—Description of Money.

Where, upon trial of burglary, it developed that some money was stolen, there was no error in admitting evidence as to the description of the money found on defendant.

5.—Same—Evidence—Acts of Defendant.

Upon trial of burglary, there was no error in showing the movements of the defendant and his arrest shortly after the alleged burglary.

6.—Same—Evidence—Other Transactions—Confessions.

Where, upon trial of burglary, no purported confession was offered in evidence, there was no error in excluding testimony that the officer who arrested defendant and took him to jail, at some other time, mistreated other prisoners in an attempt to get their confessions.

7.—Same—Evidence—Identification.

Where, upon trial of burglary, a State's witness identified the defendant as the burglar, there was no error in excluding the conclusion of witness as to the color of the boots he wore.

8.—Same—Evidence—Description of Money.

Where, upon trial of burglary, it was shown that a purse with money in it had been abstracted from the alleged burglarized house, and that similar money was found in possession of defendant shortly after the burglary, there was no error in showing that the alleged purse was found lying under the floor of the front gallery porch, the next morning after the burglary, and was empty.

Appeal from the District Court of Hill. Tried below before the Hon. C. M. Smithdeal.

Appeal from a conviction of burglary; penalty, six years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—The appellant was indicted for burglary of a private residence by force at night with intent to commit theft, was convicted, and his punishment fixed at six years in the penitentiary.

The evidence showed that about 1 o'clock of the night of July 23 1910, Mrs. Caldwell and a neighbor lady were in the residence of Mr. Caldwell awaiting the return of their husbands who had gone up in town to get the returns of an election; that the neighbor lady lay down on the bed, dressed, and went to sleep; that Mrs. Caldwell and her little girl were lying on a pallet in the same room, Mrs. Caldwell dressed, and had gone to sleep; that about 1 o'clock Mrs. Caldwell was awakened by a man on his all-fours in the act of entering her room, he having already entered the back gallery which was screened and closed; that she screamed and the party got up, turned and walked out of the screened gallery on to the ground and made his escape. She recognized the appellant as that man and testified positively on the stand that it was he. She was confirmed by the neighbor lady who testified she awoke on Mrs. Caldwell's screaming and when she awoke she saw the man. He had gotten up and she saw him turn and walk out of the back gallery. The husbands of the two ladies were at that time returning home and had gotten pretty close, heard the scream, ran to the house but saw no one when they got there. Two other persons, going towards the town to their homes, beyond the Caldwell residence, heard the woman scream and soon afterwards met a man running from that direction. About an hour and a half, or two hours later, a policeman arrested the appellant on the streets of the town; when the arrest was first attempted he started to run, but upon the officer presenting his pistol he desisted. The officer searched him and found on his person one silver dollar, two quarters, a dime and a nickel. On the night of the burglary Mrs. Caldwell had a purse lying on her machine in the room where she and the others were asleep the night the burglary occurred. In the purse she had one silver dollar, two quarters and a nickel. Appellant made no explanation of where he got, or how he came by the money when the officer searched him, or at any other time. On the trial, however, one witness testified that he paid him that day $1.25, or $1.50 and gave him an order on another for $1.75 which he collected. Neither of these witnesses and no other, testified of what the money they paid him consisted, whether of currency, or silver or

of what denomination, if silver. None of the witnesses, except Mrs. Caldwell, could identify the appellant as the burglar. As stated above, however, she did so positively.

The court gave a correct charge in the case. No attack is made on the charge other than defendant complains the court did not charge on circumstantial evidence. As appellant was positively identified as the burglar it would have been improper for the court to have charged on circumstantial evidence.

The court in his charge not only properly directed the jury that they must believe beyond a reasonable doubt that the appellant committed the burglary with intent to steal, but in a separate paragraph expressly told them that they must believe beyond a reasonable doubt that it was the appellant and if they had a reasonable doubt on that point they would acquit him. In addition to this, he gave a special charge at appellant's request to the effect that "if you believe from the evidence that the person seen by Mrs. Caldwell, if you believe that she did see someone there, might have been some one else, or if you have a reasonable doubt as to whether it was the defendant, you will find the defendant not guilty."

Appellant requested several other special charges. We have examined each of these charges and the court did not err in refusing all of them.

Appellant has one bill of exceptions to this effect: It states that upon the trial of the cause, the State placed Frank Glasgow on the witness stand and asked him this question: "Q. After you arrested him, did you search him? A. 'Yes, sir.' Q. How much money did you find on him? A. 'My recollection is $1.65.' Q.' What kind of money was it?' At this juncture appellant's attorney said: 'We object to any testimony as to the money, unless the money is identified by Mrs. Caldwell as the money she lost that night.' The court: 'I overrule the objection.' Whereupon the witness answered there was a silver dollar. The county attorney then asked him, 'Did he have any quarters or dollars?' Whereupon, appellant's attorney said: 'I object to counsel leading this witness.' The court: 'I sustain the objection,' after which remark of the court counsel for the State asked the following question: 'Q. What kind of silver money was it?' A. 'My recollection is it was a dollar, two quarters and a dime and a nickel.'"

The above is the substance in full of the bill as allowed by the court. As the matter is presented it shows no error whatever. The testimony was admissible.

Another bill by appellant states that while this case was on trial and said Glasgow was testifying for the State, on direct examination, he testified as follows: " 'Q. Where was the defendant when you arrested him?' A. 'On East Walnut Street.' Q. 'Do you know where he boards?' A. 'Yes, sir.' Q. 'Where is it?' A. 'At McDonald's boarding house, on West Elm Street.' Q. 'With reference with whether he was going towards the boarding house, or going west?' A. 'He was going di-

rectly east on Walnut Street.'" The appellant objected to this upon the ground "That it was immaterial and irrelevant to any issue involved and that it in no way tended to connect the defendant with the alleged crime, and prejudicial to the rights of the defendant." The court overruled this objection. The bill as presented points out no error. The testimony was admissible.

By another bill appellant shows that he asked, on cross-examination, said witness Glasgow if it was not a fact that he had some boys in jail not long ago and because they would not confess to vagrancy he slapped one of them with his hand after he had him in jail. The witness answered that he did not. The county attorney then said: "I think the court can see the character of cross-examination counsel expects and desires to pursue," and he objected to it that it was immaterial, had nothing to do with the case and was an effort by defendant's counsel to try to lug in something by questions of what might have been done, but sheds no light on the issue in this case. Appellant's attorney thereupon stated: "We want to offer this character of evidence on cross-examination of this witness to show that this particular officer is handy with his gun and uses it that way for the purpose of forcing prisoners to confess to crimes, whether they committed them or not. He admits he did hit this defendant with his gun when he was carrying him up the street, and he does do this and did so in this case, and we can show he does it for the purpose of getting confessions out of the men whom he has arrested, and it is material in this case, because he has tried that process on this defendant and don't have his confession here to the crime he is charged with." The court sustained the objection and at the request of the county attorney instructed the jury that they were trying the case by the law and evidence and not according to remarks of counsel. Appellant's attorney then said, "We except." This is in substance the whole of the bill. This witness had testified on cross-examination that after he arrested the appellant and was taking him to the jail that he attempted to escape, and that he struck him with his pistol and then drew his pistol on him to prevent his escape. The way this matter is presented no error is shown by this bill. No purported confession by the appellant was in any way offered in evidence in this case, nor is there any intimation that the appellant made any. Certainly the fact, if it be a fact, that the officer at some other time may have mistreated some other prisoner in an attempt to get a confession out of him was inadmissible in this case for any purpose.

By another bill appellant shows that when his attorney was cross-examining Mrs. Caldwell he asked her: "Q. If he had on boots they were just like his pants?" she having theretofore, in her testimony, identified appellant as the party who made the entry into her house and she had testified she knew him by his dress and clothing. The State objected to this because it called for a conclusion. The court sustained the objection and excluded the testimony to which appellant excepted. The court, in approving the bill, qualified it by stating:

"The witness had testified that she did not know whether the defendant had on boots or shoes—that she did not notice his feet." As this bill presents the matter no error is shown.

Another bill shows that while the case was being tried and Mrs. Caldwell was testifying for the State, this occurred: "Q. 'Where was your purse that night?' A. 'Lying in the room where we were, lying on the machine close to Mrs. Pitts.' Q. 'Did you find it after you had seen the defendant in your room?' A. 'We did not look for it until the next morning.' Q. 'Is that it you have there?' A. 'Yes, sir.' Q. 'Where did you find it then?' A. 'Under the floor of the front gallery porch.' Q. 'Had there been anything in it the night before?' A. 'Yes, sir.' Q. 'How much?' A. '$1.55.' "

The appellant objected to this on the grounds that it was an attempt to introduce in evidence the purse which it was not shown was stolen or taken from the house; that the defendant had at no time been seen with it and that the purse or its contents which were found on the premises the following day could in no way have anything to do with the guilt or innocence of the appellant and that the whereabouts of the purse until it was shown to have at some time been in the possession of the defendant was immaterial, irrelevant and tended to prejudice the jury against the rights of the defendant, and that it was an attempt to get the purse in evidence as recently stolen property and should not have been admitted, unless shown by positive evidence that the defendant had the same in his possession. The court admitted this testimony over these objections. The testimony was clearly admissible under the circumstances of this case.

As shown in the statement of the case above, this purse with $1.55 in it was on Mrs. Caldwell's machine in the room where she and others were asleep at the time the burglar was in her house. The purse, without any money in it, was found the next day under Mrs. Caldwell's house.

The evidence was amply sufficient to sustain the verdict. There is no other question raised necessary to be decided. The judgment will be affirmed.

*Affirmed.*