### JOHN SODERS v. THE STATE.

No. 4479. Decided April 23, 1917.

**1.—Burglary—Evidence—Other Transactions.**

Upon trial of burglary, there was no error in admitting in evidence, as part of the transaction, that whisky was found outside of the saloon, although it was not shown by direct evidence that this had been taken out of the saloon. Following Kubacak v. State, 59 Texas Crim. Rep., 165, and other cases.

**2.—Same—Charge of Court—Circumstantial Evidence.**

Where, upon trial of burglary, the facts in the case brought the defendant in such close juxtaposition to the breaking and entering as to render a charge on circumstantial evidence unnecessary, there was no error in the court's failure to charge on circumstantial evidence. Following Montgomery v. State, 55 Texas Crim. Rep., 502, and other cases.

**3.—Same—Charge of Court—Requested Charge.**

Where, upon trial of burglary, the court's charge was substantially correct, a special instruction covering the same subject not materially different from the main charge was correctly refused.

Appeal from the District Court of Williamson. Tried below before the Hon. George Calhoun.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Melasky & Moody,* for appellant.—Cited Munson v. State, 31 S. W. Rep., 387; Green v. State, 31 id., 386; Mann v. State, 11 id., 640; distinguishing Moray v. State, 65 Texas Crim. Rep., 297, 145 S. W. Rep., 927.

*E. B. Hendricks.* Assistant Attorney General, for the State.—Cited cases in opinion.

MORROW, JUDGE.—The appellant, John Soders, Henry Soders, his brother, George Langston and another, called "Army," were charged in the same indictment with the offense of burglary. Henry Soders and "Army" were acquitted; George Langston was convicted and his

sentence suspended; and John Soders was convicted and his punishment assessed at two years confinement in the penitentiary, from which this appeal is prosecuted by him.

The theory of the State was that appellant broke into the saloon of August Young, which was situated in the village of Sandoval. The facts show that Young closed his saloon, fastening all the doors, and went to his home about 9:30 at night. That about midnight a deputy sheriff living near the saloon saw two men pass his residence going in the direction of the saloon, and shortly after saw two others going in the same direction and in a little while heard a disturbance—noise— at the saloon, whereupon he picked up his pistol and ran to the saloon, and as he turned the corner of the house he met the defendant Langston coming towards him, and on his refusal to stop the officer knocked him down with his pistol and dragged him with him to the door of the saloon. Looking in, he saw and recognized appellant, with whom he was well acquainted, stooping down in the saloon, apparently undertaking to pick something up, as the officer thought, to strike him with. At that moment his prisoner made a demonstration which caused the officer to turn his head, and as he turned it back, a man ran out of the door of the saloon and through the fence and away. It was found that the house had been broken open and that there were bottles of whisky out in a road and near the door of the saloon, outside thereof, and some near the fence where the man who ran away went through it.

Appellant claimed that he and the other parties named in the indictment had been in the saloon before it closed and that they went down on the creek near the village and that a gambling game was indulged in by the others, though he did not participate; that when they left the creek he and the defendant "Army" went home together in a buggy and that he did not go to the saloon nor have any part in the burglary. His brother, Henry Soders, who had been acquitted of the offense, corroborated him in part, testifying that John Soders and "Army" got in the buggy together and drove off.

Appellant complains of the fact that over his objection proof was made that whisky was found outside of the saloon, claiming that this testimony was not admissible, the whisky not being identified as having been taken out of the saloon. This was essentially a part of the transaction at which appellant was present and in which he participated as indicated by the evidence. Kubacak v. State, 59 Texas Crim. Rep., 165; Moray v. State, 65 Texas Crim. Rep., 297, 145 S. W. Rep., 927.

Complaint is made of the failure to charge the jury on the law of circumstantial evidence. The facts bring the appellant in such close juxtaposition to the breaking and entering as to render a charge on circumstantial evidence unnecessary. Montgomery v. State, 55 Texas Crim. Rep., 502; Smith v. State, id., 427; Smith v. State, 90 S. W. Rep., 638; Holland v. State, 45 Texas Crim. Rep., 172; Branch's Ann. P. C., p. 1295.

Appellant criticises the seventh paragraph of the court's charge as follows:

"Now, bearing in mind the foregoing definitions, and instructions, if you believe from the evidence in this case, beyond a reasonable doubt, that the defendant, John Soders, at any time, within five years next before the filing of the indictment herein, in the County of Williamson and State of Texas, by force in the night-time did break and enter the house of one August Young as charged in the indictment, with intent to commit the crime of theft you will find the defendant guilty of the crime of burglary and assess his punishment at imprisonment in the penitentiary not less than two nor more than twelve years.

"But unless you do so find the facts to be, beyond a reasonable doubt, you will acquit the defendant and say by your verdict not guilty."

He requested a special instruction covering the same subject. We do not think that the paragraph quoted is incorrect nor materially different from the special charge requested.

We have reviewed all the various assignments, and, in our judgment, they do not show any legal reason for reversal, and it is therefore ordered that the judgment of the lower court be affirmed.

*Affirmed.*