## LELAND FOYT v. THE STATE.

No. 20008.   Delivered December 21, 1938.

The opinion states the case.

*John F. Hay* and *Barnet B. Skelton,* both of Temple, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is burglary; the punishment, confinement in the penitentiary for two years.

During the night of the 31st of July, 1937, some one entered the garage of T. D. Wilson and stole some tires and wheels from his automobile. The wheels were recovered in Belton. Appellant made a confession, which, omitting the formal parts, reads as follows:

"On July 31st of this year I was in Temple, Texas, and I decided to get some tires and wheels. So I left the Moss Rose cafe there in Temple and went to Lott, Texas. I went out on the Temple-Rosebud highway and then cut off on the road that goes to Lott, Texas, by the way of Westphalia to Lott. I was by myself and I was driving my 1935 Model V8 Ford. I went there for the sole purpose of getting some automobile tires and wheels. I did not go there to visit anyone. I went to Lott at a two-story brick building about two blocks out of town after I passed through Lott, like you were coming on to Marlin. I did not get any tires there. I just parked the car there. Then I went around and got two Chevrolet wheels and tires off a Chevrolet pickup. That pickup was in a garage at a big house on the corner. It was a grocery store truck. I took them and put them at the church. The next Sunday about six o'clock I carried the tires to Curtis Doss who lives at R. F. D. 1, Belton, Texas. He operates the Riverside Filling Station on the Leon River, on the Temple-Belton highway. There I sold the tires and wheels and tubes. I told him not to sell them for a while."

On his direct examination Mr. Wilson testified that the doors of his garage were closed on the night of the burglary. He said: "I fastened the back doors and the front one goes to when I go through it." Further, he testified that when he went to the garage the next morning the doors were closed. He said: "As to whether there was any sign of breaking or any broken lock, no." On recross-examination he testified that he did not remember closing the doors on the night of the burglary.

Appellant timely and properly excepted to the charge of the court for its failure to submit an instruction covering the law of circumstantial evidence. In failing to respond to the exception the court fell into error. It is observed that nowhere in his

confession did appellant state that he made a burglarious entry into the garage. No one testified to having seen appellant enter the garage. We quote from Crawford v. State, 82 S. W. (2d) 957, as follows: "The State's evidence in the present case that the lock on the door of the house was broken, and appellant's confession that he went into the house and stole the hides, leads to the almost irresistible conclusion that appellant broke the lock to effect the entry; yet, however strong the circumstances may be, it is only by inference and reasoning therefrom that the guilt of appellant as the breaker can be reached."

In the case cited the failure of the court to charge on circumstantial evidence was held reversible error. In Lockhart v. State, 63 S. W. (2d) 299, in holding that a charge on circumstantial evidence should have been given, this Court said:

"In other words, it seems to us better to lay down the rule that such failure should be held cause for reversal than for us to embark upon the somewhat dangerous course of saying that in this case, that case or the other, we will uphold the court's action, or rather affirm the case upon the theory of the strength of the circumstances. Some sets of circumstances might be stronger than others, and this Court would necessarily be called on to speculate more or less as to whether the failure to charge on circumstantial evidence could have resulted in injury to the accused."

The court charged the jury as follows: "By the term 'entry' into a house is meant every kind of entry but one made by free consent of the occupant or one authorized to give such consent. It is not necessary that there should be any actual breaking to constitute burglary."

No further definition of the word "entry" was given. Under the definition given by the court the jury might have reached the conclusion that appellant was guilty of burglary if he entered the garage through an open door. In Newman v. State, 116 S. W. 577, this Court said: "It is not sufficient that all entries into a house or a railroad car are burglarious, if done without the free consent of the owner. There must be a breaking. If in the daytime, an actual breaking; if at night, it must be done by force—threats or fraud not being here discussed. As the charge is given, the entry being shown at night by the accomplice, the court has practically instructed the jury that, if the car was entered without the free consent of the owner, appellant would be guilty; it not being necessary to show an actual breaking at night. Whether the entry be day or night, there must be a breaking. It may be such as lifting the latch

or opening the door; but there must be a breaking, and if in the daytime, as before stated, the breaking must be an actual breaking applied to the building. The evidence by the accomplice does not show, except very inferentially, that appellant and Waggoner broke the car, if in fact they did break it. He did not see it done—was not so situated that he could see it. * * * We are of opinion, therefore, that this charge does not present the question of entry as contemplated by the definition of that term by the statute, and left the impression upon the jury that under the testimony of the accomplice, whether appellant entered an open car or broke it would make no difference; that in either event he would be guilty of burglary."

The definition of "entry" given in the case last quoted from was the same as that embraced in the charge in the present case. Moreover, it is observed that in the present case the testimony of the injured party in his recross-examination was to the effect that he did not remember closing the doors on the night of the burglary. Under the circumstances, the opinion is expressed that the court should have responded to appellant's exception and amplified the definition of the term "entry."

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.