**Edward BYRD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41577.**

Court of Criminal Appeals of Texas.

Nov. 13, 1968.

Rehearing Denied Jan. 15, 1969.

Weldon Holcomb, Tyler, for appellant.

Hunter B. Brush, Dist. Atty., Milton Greer Mell, Asst. Dist. Atty., Tyler, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

DICE, Judge.

The conviction is for burglary, with a prior conviction for an offense of like character alleged for enhancement; the punishment, twelve years.

The indictment charged that the appellant and Rudolph Van, while acting together, did by force, threats, and fraud break and enter a house occupied and controlled by N. E. Young, with the intent to commit theft.

Appellant was separately tried after the granting of a severance.

The sufficiency of the evidence to support the conviction is challenged by appellant on two grounds: first, that the evidence is insufficient to corroborate the testimony of the accomplice, and, second, that the evidence is insufficient to show an entry into the building *with intent to commit theft,* as alleged in the indictment.

The state's testimony shows the burglary of a building occupied by Young's Pharmacy in the city of Tyler.

N. E. Young, the owner of the business, testified that in the evening he closed the business and locked both the front and back doors. When he arrived at the store the next morning he found the front door closed and the back door standing open. He then discovered that a safe, radio, check-writing machine, some cigarettes, and cigars were gone and that a stamp machine had been broken into and money taken. He also observed that "There had been a prize on the back door * * * and the bar on the back door [sic] and lot of prying used in trying to get through from that side * * *."

Following the burglary, the missing safe, with a hole cut in the bottom, was recovered by the officers at the home of Jim Johnson, in Lindale, who swore that it had been brought to his house by appellant's mother, Frances Johnson, and two unknown men.

Rudolph Van, the accomplice, called as a witness by the state, testified that on the night in question he met appellant at the Rose Room Cafe in Tyler between 11:30 and 12:00 p. m.; that they "just talked and rode around awhile" in appellant's " '63 Galaxie." At appellant's suggestion they went to Young's Pharmacy between 2 and 2:30 a. m., and parked in the back. They got out and first tried to enter through the back of the store but did not succeed. Appellant then went to the front and came through the store and opened the back door. The two went inside and removed the safe. They then tried to open the safe at the back of the building but without success. The safe was then placed in appellant's car and taken to a garage and unloaded at the home of appellant and his mother. After they had gone in the house appellant returned to the garage and the witness could hear a noise, such as the "beating on something."

It was shown by the state's evidence that in the investigation of the burglary the officers found some fresh chips on the ground near the front door "Right next to the lock, where it looked like some tool had been inserted and the chips had fallen from the door." Tire tracks were observed leading from the rear door of the building and there were two indentations on the ground three or four feet from the door.

Near the tracks was a pile of chipped cement some eight inches in diameter and two inches high. In the trunk of "a '62 or '63 Galaxie" automobile, referred to in the record as the car of appellant as well as that of his mother, the officers found some pieces of concrete and also observed two indentations on the bottom of the trunk. Some pieces of concrete or cement were also found in the garage at the home of appellant and his mother. Samples of concrete were taken from the safe stolen from the building and, together with the samples of concrete found at the rear of the building and in appellant's car and garage, were delivered to the Department of Public Safety in Austin for examination.

Chemist Smith, of the Department, testified that he had examined the samples and found them to be a substance generally called "safe plaster or fire clay" and identical in all respects.

It was further shown by the state's testimony that on the night in question the appellant and Rudolph Van, the accomplice witness, were seen together in Tyler, between 12:30 and 1:30, in a 1963 Ford automobile, by two city of Tyler police officers.

The evidence shows a burglary of the building by breaking. Van, the accomplice, identified appellant as the burglar.

■ Eliminating from consideration the testimony of the accomplice witness, the facts and circumstances shown by the other evidence tend to connect appellant with the burglary. Hence, the corroboration of the accomplice witness is sufficient. Alexander v. State, 170 Tex.Cr.R. 282, 340 S.W.2d 493; Horne v. State, Tex.Cr.App., 434 S.W.2d 366, opinion delivered November 6, 1968.

The authorities cited by appellant are distinguishable upon the facts.

■ The evidence is also deemed sufficient to show an entry into the building with intent to steal. In this connection it should be pointed out that under the decisions of this court the act of breaking and entering a house at nighttime raises the presumption that the act was done with intent to steal. Sikes v. State, 166 Tex.Cr.R. 257, 312 S.W.2d 524; Briones v. State, Tex.Cr.App., 363 S.W.2d 466.

In his second ground of error, appellant insists that the court erred in failing to charge the jury on circumstantial evidence.

Appellant insists that such a charge should have been given because there was no direct evidence that he "broke and entered the building by force."

In his brief he relies upon the cases of Foyt v. State, 135 Tex.Cr.R. 664, 122 S.W.2d 641, and Crawford v. State, 128 Tex.Cr.R. 553, 82 S.W.2d 957, which hold that where it is only by a process of inference from the confession or admission of an accused that he was the party who made the burglarious entry, the court, in a case of burglary, should charge the jury on circumstantial evidence.

We do not deem these cases as here controlling, as the state did not rely upon a confession but upon the testimony of an accomplice corroborated by other evidence.

■ The testimony of the accomplice Van that appellant entered the building at night under the circumstances constituted direct evidence of the burglary, and a charge on circumstantial evidence was not required. Barber v. State, Tex.Cr.App., 69 S.W. 515.

■ Further, the facts proven bring the appellant in such close juxtaposition to the breaking and entering the building as to render a charge on circumstantial evidence unnecessary. Montgomery v. State, 55 Tex.Cr.R. 502, 116 S.W. 1160; Soders v. State, 81 Tex.Cr.R. 506, 195 S.W. 1146. Cf.: Mixon v. State, Tex.Cr.App., 401 S.W.2d 806.

The judgment is affirmed.