## No. 2518.

## TOM JONES *v.* THE STATE.

BURGLARY—EVIDENCE—FACT CASE.—Indictment for burglary charged
that the house was entered by force at night. To warrant a conviction,
it devolved upon the State to establish by affirmative proof the entry as
alleged. See the statement of the case for the substance of evidence
*held* insufficient to support a conviction for burglary, inasmuch as it
fails to establish an entry by force.

APPEAL from the District Court of Robertson. Tried below
before the Hon. J. N. Henderson.

The conviction in this case was for the burglary of the house
of Warner Williams, in Robertson county, Texas, on the night of
November 12, 1887. Force was the means of entry charged in
the indictment. The penalty imposed by the verdict was a term
of two years in the penitentiary.

Warner Williams was the first witness for the State. He tes-
tified, in substance, that he was the proprietor of a small coun-
try store, on a public road, in Robertson county, Texas. His
residence was situated about twenty feet from the store, in a
yard, and fronting the public road. Witness's said residence
was entered between eight and nine o'clock on the night of Sat-
urday, November 12, 1887, and his trunk, containing clothing
and one hundred and fifty-one dollars in money, and his gun
which stood near the trunk, were stolen. Witness missed the
said articles at about nine o'clock on the said night, when he
went from his store to his house to change some money. His
wife was then lying, asleep, across a bed in a room other than
that from which the trunk and gun were removed. On the next
morning, Sunday, the witness found some of the articles which
were in the trunk when taken. They were in a cotton sack
marked A. T., which the witness found by a fence, at a point
about seven hundred yards distant from his store. He also
found his gun near the sack. The witness at once recognized
the cotton sack as the one in which the defendant, early on Fri-
day morning, brought some cotton to witness's store, and sold
him. When he sold witness the cotton, he asked witness to
send to town and get him a bottle of whisky. Witness told

him that he could not send on that day, but would send on the day following, which was Saturday, and the day of the burglary. At about sun down on the said Saturday, defendant came to witness's store, and witness gave him a dollar and twenty-five cents in money, and a bottle of whisky. Defendant then left the store. The witness next saw defendant at about eight o'clock on that night. He was then going through the gate towards witness's residence. Defendant lived between six and seven hundred yards distant from witness. Witness recognized all of the articles found in the cotton sack, as the defendant's property, except two pairs of pants which belonged to Tom Williams. Witness's residence had two rooms. The negroes of the neighborhood had a dance in an old house about one hundred yards distant from witness's store on the said Saturday night.

Nellie Williams, the wife of the prosecuting witness, testified, for the State, that she occupied the residence described by her husband. Defendant came to that house on the night of Saturday, November 12, 1887, and asked her for something to eat. Witness took him into the kitchen and stayed with him while he ate his supper. After supper they went into the room in which Warner Williams's trunk and gun were stored. Defendant offered her a drink of whisky, which she took. Defendant then went to the gallery. Witness followed him to the front door, and he told her good night, when witness closed and bolted said door. Witness then went into the room adjoining the room in which the trunk and gun were stored, and, feeling unwell, she lay down across the bed and went to sleep. About half past nine she was awakened by her husband, and the theft of the trunk and gun was discovered. The last witness saw of defendant, on the Saturday night of the burglary, was when he bade her good night on the gallery. Witness saw the articles taken out of the sack on the morning after the burglary, and knew that all of the things then taken out of the sack were in the trunk at eight o'clock on the night before.

The State closed.

The defense relied upon was an alibi, and on testimony to contradict Warner Williams as to the presence of defendant at his store on Friday or Saturday. One or two witnesses testified that defendant picked cotton for Grayson all day on Friday, from sun rise, and did not leave the field until late. Other witnesses testified that the defendant went to Hearne on Saturday and remained all day; that he reached Tom Williams's house at or

a short while before sun down, and remained there until midnight.

Tom Williams testified that the sack in which the articles were found was one which was stolen from him several days before the alleged burglary. When he missed the sack, he searched the quarters of all the pickers, including that of defendant, but failed to find it.

The motion for new trial raised the question discussed in the opinion.

*W. O. Campbell,* for the appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

WILLSON, JUDGE. This conviction is for burglary by force in the night. As presented to us in the record, there is not a particle of evidence that the defendant entered the house by force. It was proved that the front door of the house was bolted on the inside, but it was not proved that there were not other doors in the house through which the defendant may have entered. There may have been another door, open, through which the defendant may have entered the house, and, if he so entered, it was not by force, and was not burglary.

There is no evidence showing, or even tending to show, how he entered the house, whether by breaking a door, or through an open door, or through a window, or by way of the chimney, or through the floor, wall or roof of the house. We are not informed by the evidence anything in regard to the construction of the house, how many doors and windows were in it, whether open or closed at the time of the entry, except as to the front door. We must hold that the conviction is not supported by the evidence, and therefore the judgment is reversed and the cause is remanded.

*Reversed and remanded.*