## JOHN HENRY MORGAN v. THE STATE.

### No. 1811. Decided June 21, 1899.

**1. Admission of Evidence—Bill of Exceptions.**

Error assigned upon the admission of testimony will not be considered where no bill of exceptions was reserved at the time it was introduced.

**2. Charge of Court.**

An objection to one excerpt of a line or two of a subdivision of the court's charge is not maintainable where it is without merit when reviewed in the light of the entire paragraph.

**3. Murder—Circumstantial Evidence—Charge as to Murder in Second Degree.**

Usually, where the State relies upon circumstantial evidence to prove the murder, the law applicable to murder in the second degree should be submitted in the charge. But where the testimony is clear and conclusive that the killing would be murder in the first degree, it is not necessary to charge upon an inferior degree.

**4. Murder in the First Degree—Evidence Sufficient.**

See opinion for facts stated which are held amply sufficient to support a verdict and judgment of conviction for murder in the first degree.

APPEAL from the District Court of Titus. Tried below before Hon. J. M. TALBOT.

Appeal from a conviction for murder in the first degree; penalty, imprisonment for life in the penitentiary.

The indictment charged appellant with the murder of Ellis Fletcher, on the 22d day of February, 1899, by shooting him with a pistol.

The opinion gives a very concise but sufficient statement of the important facts concerning the killing.

No brief for appellant has come to the hands of the Reporter.

*Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of murder in the first degree, and his punishment assessed at confinement in the penitentiary for life. The record does not contain an assignment of errors, nor is appellant represented by briefs or otherwise by the record in this court. Looking to the motion for new trial, we find two - errors suggested with reference to the court's charge and one with reference to the admission of testimony. With regard to the admission of testimony it is sufficient to state that a bill of exceptions was not reserved. The criticism of the fifth paragraph of the court's charge selects an excerpt of a line or two from the whole subdivision, and asks that the conviction be set aside upon the supposed error contained in this excerpt. When viewed in the light of the entire paragraph, the criticism has no merit. A new trial was also sought upon the ground that the court erred in not charging the law applicable to murder in the second degree. Usually where the State relies upon circumstantial evidence to prove murder the law applicable to murder in the second degree should be given. But this is only in cases where the testimony suggests such degree, or when the attending circumstances do not show a killing of the first degree. Where the testimony is clear and conclusive that the killing would be murder in the first degree, it is not necessary to charge the law applicable to an inferior degree of homicide. The court is required to charge the law applicable to the case made by the testimony. When this has been done, the demands of the law are satisfied. The evidence shows this killing to have been in pursuance of a formed design, that the slayer waylaid at night, and killed his victim by shooting him in the back. The deceased had been on a visit to the woman whom he expected to marry in seven or eight days, and was returning to his room, when defendant, from the roadside, shot and killed him. He had threatened his life on account of his proposed marriage, the girl being a niece of the defendant. During the day preceding the homicide at night, appellant secured a 38-caliber pistol, and bought a box of cartridges. Deceased was killed with a 38-caliber pistol. After the homicide the pistol and thirty-five of the

fifty cartridges were found secreted in appellant's house between the mattresses on his bed. We are of opinion that, where an assassin waits by the roadside for his victim, under the cover of night, and shoots him in the back, having previously threatened to kill him, this is murder in the first degree, and it leaves no room for any inferior degree of homicide. Finding no error in the record, the judgment is affirmed.

*Affirmed.*