### FRED HOLLAND v. THE STATE.

No. 3241.   Decided February 22, 1905.

**1.—Burglary—Election of Counts.**

Where in a case of burglary the indictment alleged two counts, and the court submitted only one, it eliminated the defendant's complaint that the State should have elected as to what count it would prosecute.

**2.—Same—Burglarious Entry—Fact Case.**

Where the evidence in a burglary case showed that the entry was made through a transom over the door and that the curtain over the transom was torn away, it establishes a breaking within law and an entry at an unusual place.

**3.—Same—Inmate of Burglarized House—Private Room.**

Where the facts showed that the room burglarized was in a boarding house or hotel, and that the prosecutrix had the exclusive management and control of the room, it was no defense that defendant was an inmate of the house.

Appeal from the District Court of El Paso. Tried below before Hon. James R. Harper.

Appeal from a conviction of burglary; penalty, two years' imprisonment in the penitentiary.

No brief for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of burglary, and his punishment assessed at confinement in the penitentiary for a term of two years. The indictment contains two counts: the first alleging the house to be occupied by Rose Ehrewerth; and the second, the occupancy is alleged in Mrs. J. M. Stevens. Appellant insists the court erred in not requiring the State to elect upon which count it would rely for conviction on the submission of the testimony to the court. The court submitted only the first count, and this eliminates appellant's complaint.

He also insists the evidence is not sufficient to support the conviction, because there was no actual breaking. The testimony shows circumstantially that appellant entered the room through the transom over the door; that there was some kind of curtain over the transom, which was torn away. This, we take it, would be a breaking within the meaning of the law; and is an entry at an unusual place; and makes out a case of burglary.

Appellant further insists he cannot be convicted because he was an inmate of the house. The facts show that the room burglarized was in a boarding house or hotel, and that the prosecutrix had the exclusive management and control of the room; that appellant had no rights therein. It would be as clear a case of burglary to enter without consent a private room in a hotel as any other house. Ullman v. State, 1 Texas Crim. App., 220; Holland v. State, 7 Texas Ct. Rep., 912.

No error appearing in the record, the judgment is affirmed.

*Affirmed.*