### H. MONTGOMERY v. THE STATE.

#### No. 4172. Decided November 2, 1908.

#### Rehearing Denied March 17, 1909.

**1.—Burglary—Charge of Court—Circumstantial Evidence.**

Where upon trial for burglary with intent to commit theft, the State's evidence showed that no entry into the building could have been made by the defendant except by an actual breaking or the opening of a door, and the facts were in such juxtaposition to the main fact of the defendant being found in the building, that it relieved a charge on circumstantial evidence, there was no error in the court's failure to charge on circumstantial evidence.

**2.—Same—Charge of Court—Weight of Evidence.**

Where the indictment did not allege in specific terms that the burglary was committed either in the daytime or in the night-time, the court correctly charged that if the evidence showed beyond a reasonable doubt that the entry was effected by breaking, that is by actual force applied to the building itself, etc., giving the language of the statute, and then applying the law to the facts, to find defendant guilty.

**3.—Same—Charge of Court—Breaking—Consent.**

Where upon trial for burglary the indictment did not specifically allege that the offense was committed either in the daytime or night-time, there was no error in the court's definition of the term entry, and that the same included every kind of entry except by free consent, in connection with the definition of a breaking; and in applying the law to the facts charged there must be an actual breaking as defined by the statute.

**4.—Same—Day and Night Burglary.**

Where the indictment charged that the defendant did by force, threats and fraud burglariously and fraudulently break and enter a house, the allegation was sufficient to sustain a conviction of either a night or a day burglary of a house not a private residence. Following Carr v. State, 19 Texas Crim. App., 635, and other cases.

**5.—Same—Charge of Court—Words and Phrases.**

Where upon trial for burglary the court in his charge in his general definition of breaking used the word "not" for "night," but in applying the law to the facts properly used the word night-time, there was no error.

Appeal from the District Court of Liberty. Tried below before the Hon. L. B. Hightower.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Stevens & Pickett*, for appellant.—On question of court's charge on entry: Cases cited in the opinion. On question of charge on circumstantial evidence: Cases cited in the opinion.

*F. J. McCord*, Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of burglary, his punishment being assessed at two years confinement in the penitentiary.

It is contended that the court erred in not charging on the law applicable to circumstantial evidence. We are of opinion that this point is not well taken. The State's witness testifies positively that he went into the room known as the freight depot in the town of Liberty somewhere after eight o'clock p. m. and found appellant in there with his shoes off; that when he, witness, went in he carried a light and appellant rose from behind some boxes where he had squatted down; that at the point where appellant was discovered there was a couple of boxes which had been taken from the express department situated in the same room. This express department was cut off from the main room, or rather was in the corner of the main room and segregated by a sort of lattice work a few

feet in height. This express matter had been taken out of the express department. The evidence shows that the doors of this particular room had been closed. There is no question of the fact that the appellant entered the room, because he was found in the room. Had appellant been found away from the room and outside, with the express package which he had and the State had relied upon that to connect him with the burglary, or breaking the house, this proposition would be presented, and it would be necessary under that theory or the condition of things to charge on circumstantial evidence, but not so where appellant was found in the room under the circumstances stated. He was there under circumstances which indicated he had entered the room for the purpose of committing theft. It is true to some extent, that it was a case of circumstantial evidence as to how appellant entered the room. The house was closed before he entered and it was closed at the time the depot agent entered, and when he found appellant in the room. Appellant had been in the freight room of the depot with the porter shortly prior to the time the depot agent discovered him in the room, and there seems to have been no way for appellant to have entered the room except through the door leading from the waiting room set apart for negroes, which was unlocked, but when appellant and the porter came out of the room which was alleged to have been burglarized, the door was closed behind them, but not locked. There was another door to this room, but the agent testifies it could not be opened except from the inside, and after appellant was found in the room and the agent had gone for the officers appellant went from the building through that door by opening it from the inside. Even if there is an element of circumstantial evidence in the case, the facts are in such "juxtoposition" to the main fact that it relieves the court of charging on circumstantial evidence under the various decisions of the court. It would seem that the State closed every avenue of entry into the building, except by an actual breaking or opening of a door, and the evidence shows that that door was closed. The case of Crowell v. State, 24 Texas Crim. App., 404, cited by appellant, is not in point. That was a case of theft where the State relied upon circumstances to connect appellant with the original taking.

Appellant excepts to the following portion of the court's charge: "To constitute burglary, where the indictment (as in this case) does not in specific terms allege that the offense was committed either in the daytime or "not" time, the evidence must show to the satisfaction of the jury beyond reasonable doubt that the entry was effected by breaking." The objection is that it was on the weight of the evidence and assumes that there was an entry and only leaves it with the jury to ascertain the fact that a breaking occurred and withdraws from the jury the fact that they must determine whether or not there was an entry. We do not believe there is any merit

in this contention. The charge given by the court is as follows: "To constitute burglary where the indictment (as in this case) does not in specific terms allege that the offense was committed either in the day time or *not* time, the evidence must show to the satisfaction of the jury beyond a reasonable doubt that the entry was effected by breaking, that is, by actual force applied to the building itself, the slightest force, however applied to the building, is sufficient to constitute a breaking, such as lifting or unfastening the latch of a door that is shut or the turning of the lock of a door that is shut and fastened by means of such lock or by any other actual force applied to the building itself." As before stated, we are of opinion that there is no merit in this contention. The court was simply giving the definition of what it took to constitute a breaking, the term "entry" having been previously defined by the court. Immediately following this charge, the court properly applied the law as follows: Now, bearing in mind the foregoing definition, if you believe from the evidence beyond a reasonable doubt that the defendant, H. Montgomery, at any time within five years next before the filing of the indictment herein, in the County of Liberty, and State of Texas, by force in the night-time, and by breaking did enter the house occupied by W. B. Hayes, as charged by the indictment, etc." We think the charges given sufficiently define and apply the law.

Another exception is reserved to that portion of the charge which defines the term "entry,"—that is, by the term "entry" into a house is meant every kind of entry but one made by free consent of the occupant or one authorized to give such consent, because under this definition of entry it would only be necessary for the jury to believe that appellant entered the house without the consent of the occupant in order to constitute him a burglar, and that no actual breaking need be shown, but only a constructive breaking, the indictment having contained no allegation showing whether appellant entered in the daytime or at night. As said in discussing the previous questions, these were but definitions given by the court, of entry and breaking. If the court's charge had stopped with this definition of entry, it would have been error and very clearly so, because in burglary there must be a breaking of some character. If a party enters a house through an open door at night it is not breaking and would not constitute burglary. Appellant relies upon the case of Bates v. State, 50 Texas Crim. Rep., 568; 17 Texas Court Rep., 967. That case has no application to this, and had the charge of the court in this case been given as in that, it would have constituted reversible error. Bates' case was one of daylight breaking. An inspection of the Bates case shows that the charge given by the court in reference to entry was as given in this case, but not followed by a definition of the term "breaking" and the necessary elements of that breaking in order to constitute the entry burglarious, and

in fact, went further and instructed the jury that it was not necessary that there should be any actual breaking to constitute burglary.   The Bates case is not authority, nor in point under this record and the charges given by the trial court in this case.

That portion of the criticism in reference to the indictment failing to allege definitely whether it was a night or day breaking is also without merit.   The indictment charged specifically that the defendant did by force, threats and fraud burglariously and fraudulently break and enter a house.   This is a sufficient allegation to charge either a night or daytime burglary under the general statute.   We are not here discussing a burglary of a private residence under the recent Act of the Legislature.   This question has been passed on in quite a number of cases.   Among others we cite Carr v. State, 19 Texas Crim. App., 635; Martin v. State, 21 Texas Crim. App., 1; Buchanan v. State, 24 Texas Crim. App., 195; Sampson v. State, 20 S. W. Rep., 708; Finlan v. State, 13 S. W. Rep., 866; Wilks v. State, 51 S. W. Rep., 902.   In fact there are quite a number of other cases unnecessary to cite which hold that where the indictment charges a party, did by force, threats or fraud, break and enter a house, it is sufficient to sustain a conviction of either night or day burglary as the facts may show.

Again, there is no merit in the contention that the court used "not" for "night" in the general definition of breaking.   In the charge applying the law to the facts the court instructed the jury that they must find that appellant did in the night-time and by breaking into the house, etc.   The jury could not have been misled by this general definition, especially in view of the fact that the court properly instructed the jury when applying the law to the facts in respect to the night breaking in using the word "night" and not the word "not" as in the definition of breaking.   We are of opinion that the use of the word "not" in view of the whole charge could not have had the slightest effect in the misleading or confusing of the jury.   As the record is presented to us, we are of opinion that there is no error of sufficient importance pointed out which requires reversal of the judgment, and it is accordingly ordered that it be affirmed.

*Affirmed.*

[Rehearing denied March 17, 1909.   Reporter.]