## LOBY ROGERS v. THE STATE.

No. 17448. Delivered March 20, 1935.

The opinion states the case.

*Fred Chandler*, of Stephenville, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of burglary, and his punishment was assessed at confinement in the State penitentiary for a term of two years.

The record before us discloses that a barn belonging to J. E. White was entered during the night of August 10, 1934, and some wheat and bridle reins taken therefrom. On the following morning, when Mr. White discovered that his barn had been entered during the night, and some wheat taken therefrom, he immediately notified the officers who followed a car track leading from a point in a road near the burglarized barn towards Judd switch, where they overtook the appellant and his brother who were in a Chevrolet roadster in the back of which they carried several sacks of wheat, some of which proved to be new wheat and some of which was old wheat which was infested by weevils. This wheat corresponded to the wheat taken from Mr. White's barn. A search of their father's barn revealed that it contained some wheat mixed with oats which corresponded to that taken from Mr. White's barn, and also a set of bridle reins which belonged to Mr. White. Mr. White testified that he closed his barn late on the evening prior to the time of the alleged burglary, but that the next morning one of the doors was open and the bolt through the staple latch was gone. At the trial the appellant admitted entering the barn and taking the wheat but claimed that there was an open place up next to the roof where he entered.

There is no exception to the introduction of testimony, nor any objection to the court's charge or to the action of the court in overruling the motion for new trial. Hence, the only question presented for review is the sufficiency of the evidence. The appellant's contention is that as he entered the barn through an opening in the wall near the top under the roof that therefore he was only guilty of theft and not burglary because he didn't enter the barn by force, but the testimony of Mr.

White showed that his barn door was closed on the evening prior to the alleged burglary and that the next morning the staple latch had been unfastened and the door was opened, which presented the issue to the jury as to whether the appellant entered at the opening, as claimed by him, or through the door. The jury decided that issue adversely to the appellant. However, if appellant's testimony as to the place of entry be accepted as true, yet it would constitute burglary as the entry was made at an unusual place. See Art. 1394, P. C.; Holland v. State, 47 Texas Crim. Rep., 623, 85 S. W., 798; Knotts v. State, 32 S. W., 532.

No reversible error appearing in the record, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.