LUTHER PARRISH V. THE STATE.

No. 20552. Delivered November 15, 1939.
Rehearing Denied December 20, 1939.

The opinion states the case.

*Denman & Fowler,* of Nacogdoches, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of burglarizing the house of Willard Yates at nighttime, and by the jury assessed a punishment of five years in the penitentiary.

His only complaint herein is as to the sufficiency of the testimony. The State offered in evidence an admitted accomplice, Carl Harris, who testified, in substance, that on the date alleged in the indictment he and appellant,—late in the afternoon, a little before sundown,—were together, both drinking, and appellant said "Let's go up to Bottley's (Yates) house and go in;" that appellant said he did not like Yates, and wanted to do something to him. "He said he didn't like Bottley, and wanted to do something to him. He said he was going in the house to get even with him; he wanted to go over the house and prowl about, and so we went over there, and when we got over there it was mighty near dark; it wasn't quite dark but it was mighty near it. We went there and went around the west end of the house and crawled through a window by the fireplace. The window was up and we went in there and got some clothes, * * * and got a ten pound sack of sugar, and got some stuff he had in the pots on the stove, and after prowling the kitchen got some canned goods, I believe between six and seven kinds of canned goods."

It appears that the witness and appellant ate some of the food gotten from the pots on the stove, and appellant then went up to one Harvey Commander's store and traded some of the canned goods and the sugar for some whisky. That later the appellant and his companion were found by the constable, Mr. Spradley, and on account of their near intoxicated condition and boisterous conduct, the officer told them to go home, and they went out in a near-by field and laid down and went to sleep.

There are no bills of exception in the record, and the only ground urged before us for a reversal is the insufficiency of the evidence to show that appellant was guilty of a nighttime burglary of Mr. Yates' house.

The first contention offered is that Carl Harris, the accomplice, was not sufficiently corroborated as to the entry of the

house by appellant. Mr. Harvey Commander testified that somewhere around August 16, 1936, the alleged date of the burglary, appellant traded him some sugar and canned goods; the sugar was in a ten pound sack, and the labels on the cans showed them to have been purchased from the store. It was early in the night, around seven or eight o'clock; it was after dark.

Mr. Spradley testified that he was constable of precinct No. 1 in Nacogdoches County; "that on the night of August 16, 1936, down about the oil mill, around eleven or twelve o'clock at night, he heard some one talking loud and rather boisterously, and he came across Luther and Carl Harris, and they were pretty well lit up; he told them that if they didn't quit talking so loud he would run them in, and he said he had started home and I let them go. I did not see them any more that night. I heard the next day about the house of Willard Yates being burglarized, and I made an investigation of that. * * * I found out what was taken out of the house, and from that I made an investigation as to where that property was, and I got a pair of scissors at Mr. Carl Harris' house in the Berger quarters, and a ten pound sack of sugar at Harvey Commander's. * * * I found the sugar and canned goods at Harvey Commander's; that was probably on August 17th; it was the next day."

It appears from the above quoted testimony that sometime during the night of and after the burglary the appellant was in possession of a portion of the property taken from the burglarized house on that same night. It is also worthy of note that the appellant made no explanation of such possession. Under these facts the circumstances are strong enough to uphold a verdict of guilt as to the actual burglarious entry upon the part of appellant, and we feel sure that such facts are clearly sufficient to corroborate the accomplice. See Branch's Penal Code, p. 1283, Sec. 2346, and cases there cited.

The next proposition offered by appellant is relative to the entry not having been shown to be at nighttime. It will be observed that the indictment contains two counts, one for an ordinary burglary, and the second count for a nighttime burglary of Mr. Yates' private residence, the latter count being the one submitted to the jury, and upon which the verdict was predicated. We are convinced that there is a sufficient amount of testimony in the record to warrant the jury in thus finding that this entry was made in the nighttime, as defined by law. We think the court was correct in defining nighttime as beginning thirty minutes after sunset and continuing until thirty minutes before sunrise. See Art. 1396, Penal Code.

We note that this testimony shows that the accomplice testified that "It was about dark at the time the defendant Luther Parrish and I went there, and it was after dark when we went into the house." Again he says: "It was about dark when we got there, and I say we went through a window."

The facts show that Mrs. Yates left her house sometime after five o'clock in the afternoon of the burglary, and the house was closed; that she walked to a neighbor's about a quarter of a mile away, and when she returned about eleven o'clock that night her house had been entered by some one, evidently through a window, about as high as the lady's head, which was an unusual mode of entry to that house.

Mr. Commander, who traded for the canned goods and sack of sugar, testified that: "It was around dark when you (appellan) were at my place; it was a little after dark. * * * It was early in the night when defendant, Luther Parrish, brought the canned goods and sugar to me; I don't remember exactly the time—it was around seven or eight o'clock; it was after dark." This testimony seems to be sufficient to justify the jury in concluding that this was a nighttime burglary.

It is also shown that the window, through which it is testified an entry to the house was made, was an unusual mode of entry, and an entrance made to such house through the window could be utilized by the jury as an unusual mode of entry under the statute. Art. 1394, Penal Code; also see Alexander v. State, 31 Tex. Crim. Rep. 359, 20 S. W. Rep. 756; Davis v. State, 52 Tex. Crim. Rep. 335, 107 S. W. Rep. 855.

In our opinion these facts are sufficient and meet the requirements of the law.

The judgment is affirmed.

### ON APPELLANT'S MOTION FOR A REHEARING.

KRUEGER, Judge.

Appellant, in his motion for a rehearing, strenuously insists that we erred in our original disposition of this case in this: That we held the evidence sufficient to sustain the conviction. His contention is: (1) That the alleged articles taken from the burglarized house were not identified, and (2) that the testimony of the accomplice, Carl Harris, was not corroborated. We have again read the record with much care and reached the conclusion that the evidence is sufficient.

Carl Harris, an admitted accomplice, testified that he and

appellant, about dark on August 16, entered the home of Mr. Yates by crawling through a window. That they took some shirts, pants, a pair of clippers, ten pounds of sugar in a cloth sack, canned goods and some food that had been cooked which was in pots sitting on the kitchen stove. That they took the pots containing the cooked food to the railroad where they ate it and threw the pots away. That they traded the sugar and some of the canned goods to Harvey Commander for a pint of whisky. Mrs. Yates testified that when she left home on the evening in question she left some cooked food in pots on the stove. That when she returned about 11 p. m. the food and pots were gone. The ten pounds of sugar in a cloth sack, canned goods, shirts, pants and all of her husband's every day clothes were gone. Did this not corroborate the accomplice as to what was taken in the burglary? We think so. Again, Harvey Commander testified that appellant did, in the early part of the night in question, trade to him some canned goods and ten pounds of sugar in a cloth sack for a pint of whisky. He further testified that on the following day when the constable came to his home, he, the witness, showed the constable the sugar and canned goods. The constable testified that he saw appellant and the accomplice together on the night in question and both appeared to be pretty well "lit up," probably due to the consumption of the whisky which they obtained from Commander in exchange for the sugar and canned goods. The constable also testified to finding the sugar and canned goods at Harvey Commander's home on the day following the night of the burglary. Mr. Yates testified that he recovered a coat, a pair of pants, and scissors.

Now, let us take this testimony and analyze it and see if it tends to connect the appellant with the offense and corroborates the accomplice. That appellant and the accomplice were together on the night in question and that they traded ten pounds of sugar together with some canned goods to Commander on the night of the burglary is not denied or controverted by any testimony. That these goods were similar to those taken in the burglary is also shown. The sugar and canned goods were traced into the possession of Harvey Commander to whom they had been given in exchange for whisky by appellant. We are of the opinion that all the facts and circumstances proved do corroborate the accomplice's testimony, and sufficiently show that the stolen articles were the ones taken from the burglarized premises.

The motion for a rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.