Roy Benton v. State

No. 28,957. May 15, 1957.

*Murray J. Howze*, Monahans, for appellant.

*Leon Douglas*, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is burglary; the punishment, two years.

The witness White testified that he left home about noon on the day charged in the indictment and the doors to his house were closed, that his wife operated a store across the driveway from his house, and as far as he knew she was at the store all afternoon. He stated that he returned home at 5:30 and found the appellant in his kitchen, that the appellant had his toaster in his arms, his socks and handkerchiefs in his bosom, and his wife's costume jewelry in his pockets. He testified that he required the appellant to dispossess himself of his property and went to the telephone to call the sheriff, but the appellant, instead of remaining as he was instructed, went out the back door. He stated that he gave pursuit, called to his wife to notify the sheriff, and followed the appellant to the Mitchell's store, where he was arrested.

Sheriff McNerlin testified that he received a call and went to Mitchell's store, where White pointed out the appellant to him and where the appellant was placed under arrest.

The appellant did not testify or offer any evidence in his own behalf.

Appellant contends that the evidence is insufficient to support the jury's finding that the appellant broke and entered the premises in question.

In the relatively recent case of Hall v. State, 161 Texas Cr. Rep. 460, 278 S.W. 2d 297, we held that, where an accused was found in an apartment in which he had no authority to be and to which the doors had been closed by the occupant sometime prior to the discovery of the accused, the evidence was sufficient to sustain the conviction for burglary and a charge on circumstantial evidence was not required.

The case at bar differs from Strickland v. State, 78 S.W. 689, relied upon by the appellant, in that in this case the appellant was apprehended within the premises in question in possession of personal property of the owner of the premises. When asked what he had in his bosom and in his pockets, the appellant answered "Nothing" and fled when the occupant told him that he was going to call the officers.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.