Earl DONALDSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 36122.

Court of Criminal Appeals of Texas.

Nov. 13, 1963.

John Cutler, Houston, for appellant.

Frank Briscoe, Dist. Atty., Houston, Carl E. F. Dally, Joe C. Shaffer and Neil Mc-Kay, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is murder; the punishment, 99 years.

In compliance with the ruling of the Supreme Court of the United States in Douglas and Meyes v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811, this writer instructed the trial court to appoint an attorney to represent this appellant on appeal. The Honorable John Cutler was appointed, has presented a capable brief and appeared in person to argue the case.

The facts reveal that appellant and deceased engaged in an all night poker game at the home of a procurer, Koury; alcoholic beverages were consumed; and several girls were present, some of whom were shown to be prostitutes. At approximately 9:00 a. m., a disagreement arose as to the type of poker they were playing. Deceased claimed that he won the pot and took the money. Appellant made a demand for the return of his portion of the pot, and deceased refused such demand and cut appellant on the hand and in the abdomen. None of the wounds were shown to be serious. Appellant, who had twice before been to the penitentiary, testified that Koury assured him that he would try to get his money back for him, and he then went to his own home, secured his pistol and went to deceased's place of employment. Deceased was not

there, and appellant returned to Koury's house. At approximately 11:45 p. m. appellant again returned to deceased's place of employment, "pointed the gun at him (deceased) and told him I come after my money." According to appellant, deceased cursed him, threatened to kill him, and reached in his coat, whereupon appellant shot the deceased several times and beat him over the head with the pistol after he ran out of ammunition. Following this, appellant went to a building nearby, reported that he had shot deceased, and surrendered the pistol. He was carried to the hospital where several stitches were taken in his hand, and within a few hours, he was released and carried to jail.

■ Two questions are presented for review. The State called as one of its witnesses one Georgia Bobbitt, who denied being a prostitute, but stated that deceased had brought her to Houston to "sell her to Koury", who later set her up in an apartment. She stated that while in Houston, deceased had taken a diamond ring from her and refused to return it and that her purpose in being at Koury's house on the night in question was to secure the return of her ring. By some means not shown in this record, the ring in question had come into the possession of the police, and appellant secured a subpoena duces tecum and had the officer bring the ring to court, but the court over the State's objection refused to permit Georgia to identify the ring in the presence of the jury. In such ruling we perceive no error. No issue in this case could have been solved by such identification.

■ The next question presents difficulty. Appellant requested that the jury be charged that if appellant armed himself and sought out deceased for the purpose of recovering money which deceased had obtained from him by means of cheating at cards and that if he would not have used more force than that reasonably necessary to achieve such purpose, "you would further consider (appellant's) plea of self defense."

Reliance is had upon those cases such as Fisher v. State, 102 Tex.Cr.R. 229, 277 S. W. 386 and Cole v. State, 104 Tex.Cr.R. 533, 286 S.W. 204, both of which were robbery cases wherein this Court has said that if one seeks to retake only his money which he lost in a crooked gambling transaction, the accused would not be guilty of robbery. In neither of the cases is the issue of self defense discussed. In fact, Cole intimates that the accused might be guilty of an assault growing out of such a transaction. We have concluded that neither case is here controlling and that they merely hold that one who by use of a weapon retakes that which has fraudulently been taken from him has no intent to commit the offense of robbery. Neither case goes further and says that the cheated party has the right to arm himself, seek out the one who defrauded him, and kill him in an effort to achieve such end.

It should be noted that in the case at bar appellant testified as to his purpose in seeking out the deceased, but as to the shooting, he justified it on the threat and motion of deceased toward his coat. The court gave an unlimited charge on the law of self defense, and we have concluded that the trial court, under the facts, did not err in refusing the requested charge.

■ Appellant further contends that the court should have charged that even if he provoked the difficulty, he would be guilty of no greater offense than aggravated assault if he had no intention of killing deceased. Jackson v. State, 118 Tex.Cr.R. 448, 39 S.W.2d 63, relied upon by appellant, has no application here because in that case the court charged on provoking the difficulty while no such charge was given in the case at bar. The rule expressed in Pierson v. State, 160 Tex.Cr.R. 567, 272 S.W.2d 901 would seem to be here controlling.

■ Finding the evidence sufficient and no reversible error, the judgment is affirmed.