**Ex parte Lindy Q. MIXON.**

**No. 38535.**

Court of Criminal Appeals of Texas.

Oct. 20, 1965.

Rehearing Denied Dec. 15, 1965.

Lindy Q. Mixon, pro se.

Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

This is a habeas corpus proceeding wherein petitioner attacks the validity of a conviction for burglary of a private residence at night with two prior felony convictions alleged for enhancement. Petitioner's case was finally affirmed by this Court on March 20, 1963, and is reported in Mixon v. State, 365 S.W.2d 364.

Petitioner relies in this writ upon Douglas and Meyes v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed. 2d 811. The Supreme Court of the United States in that case firmly established the rule that "where the merits of the one and only appeal an indigent has as of right are decided without the benefit of counsel, we think an unconstitutional line has been drawn between rich and poor."

The petitioner here was represented by counsel at trial, and notice of appeal was given August 13, 1962, with a pauper's oath duly filed. On October 8, 1962, this Court was notified by the court appointed trial counsel that he did not intend to represent petitioner on appeal.

On December 31, 1962, this Court received a brief from petitioner, who was representing himself on appeal pro se, in which he alleged that he "had no attorney since my trial."

The case was submitted on January 2, 1963, and we affirmed on January 9, 1963.

On January 12, 1963, the petitioner filed an affidavit for extension of time for filing his motion for rehearing, in which he stated that he wished to stress "that he is without an attorney and does not have access to legal information for filing his motion."

The motion for rehearing was submitted on February 6, 1963, on which day the petitioner filed a brief asking that certain legal information be furnished him. The motion for rehearing was overruled on February 20, 1963.

Subsequently, on February 23, 1963, petitioner filed a sworn instrument with this Court in which he alleged that he "has and is of this petition being denied his right and advice of counsel or access to advice by means of law books," and that "he is a pauper without counsel and funds and is entitled to advice of counsel in the protection or prosecution of his rights." On March 13, 1963, the second motion for rehearing was submitted, and on March 20, 1963, the second motion for rehearing was overruled without written opinion.

The opinion in Douglas and Meyes, supra, was handed down by the Supreme Court of the United States on March 18, 1963, only two days prior to our decision on second motion for rehearing. The rule announced in Douglas and Meyes was the law of the land when petitioner's second motion for rehearing was overruled, whether this Court was aware of it at that time or not. The Supreme Court enumerated as the requisites for Douglas and Meyes' applicability the affirmative showing that petitioner requested, and was denied the assistance of counsel on appeal, even though it plainly appeared that he was an indigent.

We find these requisites to be present in the case before us.

This Court has given application to the rule announced in Douglas and Meyes in the case of Donaldson v. State, 372 S.W.2d 339.

There is no question of retrospective application of Douglas and Meyes v. People of State of California here. The recent Supreme Court of the United States case of Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601, indicated that the question of retrospectivity arises only with respect to those cases which are final, that is where the judgment of conviction was rendered, the availability of appeal exhausted, and the time for petition for certiorari had elapsed before the date of the Supreme Court's opinion. Douglas and Meyes, supra, became the law prior to our final disposition of petitioner's appeal.

For the reasons stated, the relief prayed for is granted and the order of this Court affirming petitioner's conviction is set aside. Petitioner is ordered released from confinement in the State penitentiary and is ordered delivered to the Sheriff of Ector County where he will be incarcerated for a period of 90 days in order to afford the trial court an opportunity to appoint counsel to properly represent him on appeal to this Court from his original conviction. In the event that no such counsel has been appointed and has undertaken such appeal within such time, relator is ordered released from custody.

WOODLEY, Judge (dissenting).

Petitioner has no appeal pending in this court. It was decided and mandate issued at a term of this court which adjourned more than two years ago.

If the Court of Criminal Appeals has authority to enter an order such as that provided for in the majority opinion and again decide whether the judgment of conviction should be affirmed or reversed, then the issuance of mandate and the adjournment of the term does not give finality to the disposition of appeals.

I respectfully dissent.