**Lindy Q. MIXON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 35106.**

Court of Criminal Appeals of Texas.

March 16, 1966.

Rehearing Denied May 11, 1966.

Lucius D. Bunton (Court Appointed), Odessa, for appellant.

Jack Tidwell, Dist. Atty., Mike Berry, Asst. Dist. Atty., Odessa, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Presiding Judge.

The offense is burglary of a private residence at night; the punishment, enhanced by proof of two prior convictions of felonies less than capital, life imprisonment.

Appellant's conviction was affirmed by this Court on March 20, 1963, and is reported in Mixon v. State, 365 S.W.2d 364. Two days before this conviction became final, the Supreme Court of the United States handed down its opinion in Douglas and Meyes v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811, which established the rule that an indigent has a right to be represented by counsel on an appeal of his conviction. Upon a showing that appellant was indigent and had requested and was denied counsel for his above-mentioned appeal, this Court, in a

habeas corpus proceeding, set aside its order affirming appellant's conviction and ordered the trial court to appoint counsel to represent him on appeal or, in the alternative, to release appellant from custody. Ex parte Mixon, Tex.Cr.App., 396 S.W.2d 417. Able counsel was appointed, and he is to be commended for the diligence with which he has represented appellant on this appeal.

The facts are set out in Mixon v. State, supra, and we remain convinced that appellant's contention concerning the invalidity of the two convictions alleged for enhancement purposes was properly disposed of in that opinion.

Appellant challenges the sufficiency of the evidence to support the allegation in the indictment that he "did then and there at night, by force, threats and fraud, break and enter the private residence of Kenneth Smith * * *." He concedes in his brief that anyone "breaking" into a place has used force, but contends that there is no evidence in the record that appellant broke into the residence of Smith, or that his entry was otherwise accomplished by force.

Article 1394, Vernon's Ann.P.C. defines "breaking," and says that the entry in question must be made with actual force, but that the slightest force is sufficient. The statute further states that "it may be by lifting the latch of a door that is shut, or by raising a window, the entry at a chimney, or other unusual place * * *."

The evidence discloses that Mr. Smith had a drive-in restaurant and an apartment, and that the apartment was in a separate two-story building located about fifty feet from the restaurant; that this apartment consisted of three rooms and was located on the second floor. Mr. Smith stated unequivocally that this upstairs apartment had only one door, but had "windows and things."

Mrs. Smith testified that she was awakened and thought she heard someone in the house, and asked her husband if he had shut the back door, to which he answered, "yes."

At the close of evidence, appellant asked for a directed verdict on the ground that the state had failed to show that entry was made by force because it was not shown that the door was closed. The state was granted leave to re-open the presentation of evidence and recalled witness Kenneth Smith. The following testimony was developed:

Q: "Mr. Smith, back again to the offense in question on the 21st day of April, 1962, I would ask you, sir, did you give your consent to this defendant to take articles of clothing from your home?"

A: "No, I didn't."

Q: "Did you give him your consent to him (sic) to enter the house?"

A: "No."

Q: "Was the door open or shut?"

A: "Shut."

■ There is sufficient evidence here from which the jury could conclude that appellant gained entry by opening the only door to the apartment. An entry into a house through a door that was closed is an entry by force. Warden v. State, Tex.Cr. App., 366 S.W.2d 786, and cases there cited. Appellant attaches import to the fact that Mrs. Smith, in her testimony, referred to "the back door" while Mr. Smith at one time mentioned "the front door." Mr. Smith supervised a chain of restaurants spread over a wide area of the state. The Smith's permanent residence was at Sweetwater, Texas, and the apartment herein discussed was occupied by Mr. Smith only when he was overseeing those restaurants in or near Odessa, the site of this burglary. Mrs. Smith's visits to the apartment were even less frequent, as the maintenance of their child in school and other exigencies did not always permit her to travel with her husband. Under these circumstances, it

would not be unusual for the couple to offer different descriptions of the door to this apartment. At least the inference that might be drawn from their testimony—that is, that there were more than one door to the apartment—would not be sufficient to overcome Mr. Smith's statement that the apartment had but one door.

Appellant cites several cases to support his contention that the evidence is insufficient to sustain his conviction. We find that they are each distinguishable. Jones v. State, 25 Tex.App. 621, 7 S.W. 669, was reversed because there was no evidence at all tending to show how the accused entered the house he was accused of burglarizing. The court stated, "There may have been another door open, through which the defendant may have entered the house * * *." In Thomas v. State, 131 Tex.Cr.R. 269, 97 S.W.2d 955, there was no evidence showing the condition of other doors in the house, or that the door shown to be bolted was the only door in the house. Newman v. State, 55 Tex.Cr.R. 273, 116 S.W. 577, is not in point. It was reversed because appellant had an alibi for the time the burglary was committed, and there was no corroboration of accomplice witness' testimony. In Livingston v. State, 133 Tex.Cr.R. 437, 112 S.W.2d 190, there was no evidence at all as to the condition of the barn allegedly broken into prior to the time the offense was supposed to have occurred. In Castro v. State, 115 Tex.Cr.R. 291, 29 S.W.2d 760, the state relied upon circumstantial evidence to connect the defendant with the crime, and it, was shown that one door to the burglarized premises was open prior to the alleged offense. In Luce v. State, 128 Tex.Cr.R. 287, 81 S.W.2d 93, the evidence showed that a door to the residence broken into had been open for several days, and that other persons had also been in this residence. In none of these cases was the defendant found in the place he was accused to have entered by force.

There is no evidence in the record that appellant entered the apartment by some way other than through the only door leading into it. He was found inside the apartment. Considering the fact that the apartment was on the second floor, it is difficult to picture any other manner of entry which would not be considered made at an "unusual place" as contemplated in the statutory definition of "breaking" set out above. See Parrish v. State, 138 Tex.Cr.R. 150, 134 S.W.2d 271; Rogers v. State, 128 Tex.Cr. R. 218, 80 S.W.2d 967; Holland v. State, 47 Tex.Cr.R. 623, 85 S.W. 798; Knotts v. State, Tex.Cr.App., 32 S.W. 532; Alexander v. State, 31 Tex.Cr.R. 359, 20 S.W. 756.

An examination of Warden v. State, Tex.Cr.App., 366 S.W.2d 786; Benton v. State, 164 Tex.Cr.R. 618, 302 S.W.2d 138; Hall v. State, 161 Tex.Cr.R. 460, 278 S.W. 2d 297; and the authority cited in these cases leads us to the conclusion that the evidence is sufficient to sustain the conviction.

We overruled appellant's contention that the jury should have been charged on the law of circumstantial evidence. Montgomery v. State, 55 Tex.Cr.R. 502, 116 S.W. 1160, a case which also supports our conclusion as to the sufficiency of the evidence.

We find no reversible error in the record, and the judgment is affirmed.

WOODLEY, Judge (dissenting).

The writer agrees that the evidence is sufficient to support the conviction and the record shows no reversible error in the trial of the case. Such was the unanimous holding of this Court in the appeal from the conviction now affirmed three years ago in Mixon v. State, reported in Tex.Cr.App., 365 S.W.2d 364 to 366.

The writer dissents from this second affirmance of the same conviction upon the same record for the reason stated in his dissent in Ex parte Mixon, Tex.Cr.App., 396 S.W.2d 417, that being that the appeal, having been finally disposed of some three years ago, is not pending in this Court for review and re-affirmance on the same record.