**Johnny CRAWFORD, Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Appellee.**

**No. 24691.**

United States Court of Appeals
Fifth Circuit.

Oct. 9, 1967.

---

Will Gray, Houston, Tex., for appellant.

Lonny F. Zwiener, Asst. Atty. Gen., of Texas, Austin, Tex., Crawford C. Martin, Atty. Gen., George M. Cowden, First Asst. Atty. Gen., A. J. Carubbi, Jr., Staff Legal Asst. Atty. Gen., R. L. Lattimore, Howard M. Fender, Asst. Attys., Gen., Austin, Tex., for appellee.

Before BELL, COLEMAN and GODBOLD, Circuit Judges.

PER CURIAM:

Appellant, a state prisoner, bases his petition for habeas corpus on the fact that he sought to appeal and did appeal his state court conviction but without the aid of counsel. He was represented by retained counsel at his trial and through a motion for new trial. He requested the trial court to appoint counsel to represent him on the appeal but his request was denied. It appears that he appealed his own case, preparing the appellate brief with the help of a fellow prison inmate. His conviction was affirmed on appeal. Crawford v. State of Texas, 162 Tex.Cr.R. 95, 282 S.W.2d 222 (1955).

Appellant's family then borrowed money which was used to employ an attorney to file a motion for rehearing in the appellate court on his behalf. The motion was denied.

It is settled that the Sixth Amendment right to counsel includes the right to counsel on appeal and that this right does not depend upon a request. Swenson v. Bosler, 1967, 386 U.S. 258, 87 S.Ct. 996, 18 L.Ed.2d 33. See also Douglas v. People of State of California, 1963, 372 U.S. 353, 83 S.Ct. 814, 9 L. Ed.2d 811. Douglas v. People of State of California has been applied retroactively. Pate v. Holman, 5 Cir., 1965, 341 F.2d 764.

We hold that appellant was denied his constitutional right to counsel on appeal. We further hold that the employment of counsel to prepare and file the motion for rehearing was not an adequate substitute for his right to counsel on appeal. There can be no waiver of a right which can no longer be exercised. Cf. Williams v. State of Alabama, 5 Cir., 1965, 341 F.2d 777.

Appellant is entitled to an out of time appeal, or in the alternative, to a new trial if an out of time appeal is not available. It appears that Texas procedure provides for an out of time appeal under the circumstances here. Ex parte Mixon, 396 S.W.2d 417 (Tex.Cr. App., 1965); and Mixon v. State of Texas, 401 S.W.2d 806 (Tex.Cr.App., 1966). These alternatives should be accorded the state by the District Court in an order granting appellant's petition consistent with and to the extent of what we have said herein.

Reversed and remanded.