## Bo Livingston v. The State.

No. 19259.   Delivered January 5, 1938.

The opinion states the case.

*Ira Lawley,* of Groesbeck, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of burglary and his punishment was assessed at confinement in the state penitentiary for a term of two years.

Appellant's main contention is that the evidence is not sufficient to sustain his conviction.

The record shows that about two weeks prior to the commission of the alleged offense, R. P. Michaels made a trip to the State of Florida; that he left one Fred Collins in charge of his property during his absence; that Collins was to feed his stock and take care of the same. On the night of the 16th of February, 1937, and while Michaels was absent from the state, some person entered his barn and took therefrom some oats. On the same night Isaac Carter, Virgle Williams and appellant appeared at the home of George Henderson with some oats which they sold to him for twenty cents per bushel.

The gist of the offense of burglary being the breaking and

entering, to support conviction that element must be established beyond a reasonable doubt.

Appellant made a written confession in which he stated that he, Carter, and Williams by force entered the barn of Michaels on the night in question and took therefrom five sacks of oats which they sold to Henderson for twenty cents per bushel.

A careful review of the testimony leads us to the conclusion that appellant's position is well taken. The corpus delicti of this offense is the breaking into the barn, and this is shown by appellant's extra-judicial confession alone. Collins, the caretaker, was not placed on the witness stand and gave no testimony as to the condition of the barn before the alleged entry. Michaels, the alleged owner, was out of the state and he, of course, could not know whether the door of the barn was open or closed just before the alleged entry. The entry by force is the essential element of the offense charged and without some proof other than the extra-judicial confession of the appellant, the conviction can not be sustained because the extra-judicial confession alone is not sufficient to establish the corpus delicti. See Ellison v. State, 59 Texas Crim. Rep., 3; Jordan v. State, 96 Texas Crim. Rep., 622. It is true that appellant was found in possession of some oats about the time the alleged offense was committed, but no connection is shown between said oats and the oats belonging to Michaels. Even if the evidence had shown it, yet it would not establish the offense of burglary; the breaking into the barn. It might have been sufficient to show theft, which under the facts of this case would be a misdemeanor. In support of the conclusion reached by us we refer to the case of Williams v. State, 70 Texas Crim. Rep., 275.

Believing that the evidence is insufficient to establish the offense of burglary beyond a reasonable doubt, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.