CHARLES ALBERT WILLIAMS V. STATE.

No. 25561. February 6, 1952.

Hon. Dean Gauldin, Judge Presiding.

*Kramer & Hogg,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *Charles S. Potts,* and *Samuel E. Daugherty,* Assistants Criminal District Attorney, Dallas, and *George P. Blackburn,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is driving while intoxicated; the punishment, a fine of $75.00.

Two members of the Texas Highway Patrol testified that on the night in question they received a call that an accident had occurred and proceeded to the scene thereof, where they found that one automobile had been involved in an accident with a bridge, having swerved from the shoulder of the road on one side across the road and into the bridge. They stated that when they arrived the appellant was lying on a blanket on the pavement or on the bridge near the automobile; that they smelled beer on his breath; that they sent appellant to the hospital in an ambulance, and as soon as they got the wreck cleared away they went to the hospital to interview him. They testified that appellant there told them that he had been the driver of the car and did not mention anyone else having been with him in the car. They testified further that appellant was intoxicated, and they arrested him.

Appellant's step-father testified that he had loaned his automobile to appellant on the night in question and that he had left the house alone in the car, but denied that appellant was intoxicated at that time or after the wreck when he got appellant out of jail.

Appellant testified, admitting having had something to drink during the evening, but denied that he was driving the automobile at the time of the collision. Appellant stated that one Calvin Grubbs had been driving the car just before he went to sleep on the back seat thereof and that he remembered nothing of the accident. Appellant stated that Calvin Grubbs was in the

Air Force and admitted that he had not mentioned his connection with the case until he took the witness stand.

Herein, we are called upon to determine whether the corpus delicti of the offense has been shown by evidence other than appellant's extrajudicial confession.

In Watson v. State, 154 Tex. Cr. R. 438, 227 S. W. (2d) 559, we said:

"In establishing the corpus delicti, the confession may be used in connection with the other facts and circumstances, that is, the confession may be used to aid the proof of the corpus delicti. * * *

"The corpus delicti may be proved by circumstances as well as by direct evidence. * * *

"And the confession may render sufficient circumstantial evidence that would be insufficient without it. * * *"

After further consideration, we have concluded that the following facts, considered along with the confession, establish the state's case, to-wit:

1. Appellant was in charge of the automobile involved in the collision on the night in question, having borrowed the same from his step-father.

2. He was found on the pavement near the wrecked automobile following its collision with the bridge. His presence on the pavement would negative the probability that he had been there prior to the wrecking of the automobile.

3. In his confession to the officers at the hospital, appellant did not mention the fact that anyone else had been with him in the car.

4. Appellant mentioned Calvin Grubbs for the first time on the trial and made no showing of any effort to secure his testimony as a witness in his behalf.

Appellant seeks to attack the sufficiency of the information on the grounds that the same is indefinite in that it does not allege the exact location in Dallas County nor the exact hour during the day where and when the drunken driving was alleged to have occurred. This court has long held against appel-

lant on this contention, and we see no valid reason to depart from the rule expressed in those decisions.

State's motion for rehearing is granted; the original opinion herein is withdrawn; the judgment of reversal is set aside, and the judgment of the trial court is now affirmed.