**William DOUTHIT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–87–00004–CR.**

Court of Appeals of Texas,
San Antonio.

Sept. 30, 1987.

Rehearing Denied Oct. 28, 1987.

Miguel Rodriguez, San Antonio, for appellant.

Fred G. Rodriguez, Criminal Dist. Atty., Victor Quintanilla, Hebert Wyck, Daniel Thornberry, San Antonio, for appellee.

Before ESQUIVEL, BUTTS and CHAPA, JJ.

OPINION

CHAPA, Justice.

This appeal is from a jury conviction of appellant, William Douthit, of Driving While Intoxicated, causing serious bodily injury.

The issues before us are:

1. whether the record contains sufficient evidence to support the jury verdict; and

2. whether the court erred in overruling appellant's objection to the argument of the State's attorney.

We affirm.

Initially, appellant complains that the record contains insufficient evidence to establish the appellant was operating the motor vehicle, and that appellant caused the collision that resulted in the serious injuries. As a result, appellant contends the court should have granted an instructed verdict.

Because the record reflects that the appellant confessed to being the driver of the vehicle that caused the accident, the main thrust of appellant's complaint centers on his insistence "that the evidence elicited at the trial is insufficient to corroborate the appellant's extra-judicial confession that he was operating" the vehicle involved. We disagree.

At trial, John Christian Haag testified that:

1. On the date in question, at 2:00 a.m., he was a passenger in a car with C.P. Thalken and Keith Rulong;

2. They stopped the car in the center lane of San Pedro with the lights on, for him to retrieve a lighter that had fallen out of the car;

3. When he got back in the car, he saw the lights of a car approaching their car at an extremely fast speed over the speed limit;

4. The speeding car hit their car hard, flipping their car over twice;

5. The two cars were the only ones on the road at the time;

6. As a result of the collision, his friends received cuts and were bleeding;

7. What appeared to be the other driver walked around and stumbled out of control, and jokingly expressed a hope that there was no body count;

8. The other driver had slurred speech, like he had been drinking;

9. No one else was at the scene immediately after the accident; and

10. He lost half of his spleen as a result of the injuries he sustained in the accident.

Charles Patrick Thalken testified that:

1. On the date in question, he was driving his parent's car with Haag and Rulong as passengers;

2. He stopped the car in the inside turning lane of San Pedro going South with the lights on, to permit Haag to retrieve a lighter that had fallen out;

3. There was no traffic at all at the time;

4. A car came at about 50 mph in the inside lane going North and about 50 feet from his car swerved over and hit their car broadside;

5. Haag was seriously hurt as a result of the collision; and

6. He had a driver's license at the time of the accident and he had nothing to drink that night.

Officer Raymond Castillo testified that:

1. He was a police officer with the City of San Antonio, and on duty the night in question;

2. He was called to the scene of the accident in question, found the two vehicles involved on the public streets (one was turned over and the other damaged) and also observed several persons injured;

3. He saw the appellant at the scene who admitted he was the driver of one of the cars involved;

4. He determined the appellant was intoxicated from observing his unsure demeanor, unsteady gait, and smell of alcohol on his breath;

5. He placed the appellant under arrest for DWI, transported the appellant to the intoxilyzer room, and advised him of his rights; and

6. Everything happened in Bexar County, Texas.

Officer David Michael Logsdon testified that:

1. He was a San Antonio police officer on the night in question;

2. He was certified as an intoxilyzer operator and on duty as such at the time;

3. He administered the intoxilyzer test upon the appellant when he was brought in after the incident;

4. George Allan McDougall, Jr. was his technical supervisor on the test administered to the appellant.

George Allan McDougall, Jr. testified that:

1. On the night in question, he was the technical supervisor during the intoxilyzer test of the appellant;

2. He was certified by the Texas Department of Public Safety as an intoxilyzer test technical supervisor; and

3. The State of Texas defines intoxication at the level of 0.10 and the appellant tested at a level of 0.17.

■ The test in determining the sufficiency of the evidence to support a criminal conviction is the same in both direct and circumstantial evidence cases. *Dickey v. State,* 693 S.W.2d 386, 387 (Tex.Crim.App. 1984); *Carlsen v. State,* 654 S.W.2d 444, 449 (Tex.Crim.App.1983) (on rehearing). The standard of review requires that we look at the evidence in the light most favor-

able to the prosecution and determine whether a rational trier of fact would have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Dickey v. State*, 693 S.W.2d at 387; *Carlsen v. State*, 654 S.W.2d at 449. Every circumstantial evidence case must be tested by its own facts to determine the sufficiency of the evidence to support the conviction. *Johnson v. State*, 673 S.W.2d 190, 195 (Tex.Crim.App. 1984).

■ The Texas Court of Criminal Appeals set out the Texas law on corroboration of confession in *Watson v. State*, 154 Tex.Cr.R. 438, 227 S.W.2d 559 (1950) stating:

[1] The confession of the guilty party alone is not sufficient to support a conviction for the offense, the confession must be corroborated.

[2] 'Corroboration of the confession' in effect means proof of the corpus delicti.

[3] 'Corpus delicti' as used in this connection means proof of the fact that the crime charged has been committed by someone. See 18 Tex.Jur. 451, Sec. 327.

[4] There must be proof of the corpus delicti, outside of the confession. The confession of the accused alone is not sufficient. See *Davis v. State*, 101 Tex. Cr.R. 243, 275 S.W. 1060.

In establishing the corpus delicti, the confession may be used in connection with the other facts and circumstances, that is, the confession may be used to aid the proof of the corpus delicti. See *Anderson v. State*, 34 Tex.Cr.R. 546, 31 S.W. 673; 53 Am.St.Rep. 722; *Kugadt v. State*, 38 Tex.Cr.R. 681, 694, 44 S.W. 989; and *Sowles v. State*, 52 Tex.Cr.R. 17, 105 S.W. 178.

[5] The corpus delicti may be proved by circumstances as well as by direct evidence. See *Kugadt v. State*, supra; *Brown v. State*, 61 Tex.Cr.R. 334, 136 S.W. 265; and *Tabor v. State*, 52 Tex. Cr.R. 387, 107 S.W. 1116.

And the confession may render sufficient circumstantial evidence that would be insufficient without it. See *Davis v. State*, supra.

*Watson v. State*, 227 S.W.2d at 562; cited in *Bosquez v. State*, 166 Tex.Cr.R. 147, 311 S.W.2d 855 (1958).

The extra judicial confession of the appellant together with the testimony of Haag, Thalken, Castillo and Logston provided corroboration sufficient to support the verdict. We reject the complaint.

■ In the last complaint, appellant asserts error of the court in allowing the prosecution to comment on appellant's right to remain silent.

The record reflects the following during the prosecutor's argument:

\* \* \* \* \* \*

Second incredible theory or the incredible thing to me is when Officer Castillo arrives on the scene as the investigating officer and he walks up and he says, "Who was driving this car?" and lo and behold, from the evidence you have before you, the defendant says that he was driving that car. We don't know his exact words. It's been more than two years. But the defendant says, "I was driving that car." *And, furthermore, we have no evidence of protest when he is charged with being the person who is involved in an accident, which if we accept* —

MR. RODRIQUEZ [sic]: Your Honor, I am going to object to that strenuously as being a violation and a comment on the defendant's right to remain silent, especially after custody.

[PROSECUTOR]: Judge, I am talking about the evidence at the scene.

MR. RODRIQUEZ [sic]: That's what he is saying. Can the jury be removed, Your Honor?

THE COURT: One at a time. We will deal with the objection at this time. I am going to overrule the objection as, Counsel, I believe you are referring to the testimony that came from the witness stand.

\* \* \* \* \* \*

BY [PROSECUTOR]:

Ladies and gentlemen, what I am talking about and what I am addressing right now is the testimony or what we know from the testimony we heard happened at the scene of the accident. And at least if I remember the testimony, the officer walks up and says, "Who was driving this car." And the defendant says, "I was." *We know that subsequently he was arrested for DWI, and we know that the officer wrote him up in the arrest report as being part of that accident. And there was no evidence whatsoever that he protested —*

MR. RODRIQUEZ [sic]: Okay. Your Honor, I object again. He is doing it again, Judge, the same thing. Strenuously object, Your Honor. He is commenting on the defendant's right to remain silent.

[PROSECUTOR]: Judge, I am not talking about anything that has taken place in this courtroom whatsoever. I am talking about what happened out there at the scene at the time of the accident.

THE COURT: I know what you are referring to. You obviously were talking about the accident. Have the jury removed, please.

\* \* \* \* \* \*

BY [PROSECUTOR]:

Getting back to the point, and I am talking about, first of all, the testimony of my witnesses from the witness stand. And, secondly, we are talking about what went on at the scene of the accident. And the reason I was talking about this is because I find it an incredible assertion that the defendant would have been asked by the officer, "Who was driving that car?" And the defendant would have said, "I was driving that car." *And yet you heard no testimony from the officer on the witness stand from Officer Castillo that the defendant ever said, "Well, you know, I wasn't involved in that accident."*

MR. RODRIQUEZ [sic]: I object to that, Your Honor.

[PROSECUTOR]: Just use your common sense.

MR. RODRIQUEZ [sic]: Objection, Your Honor. It is commenting on the defendant's right to remain silent.

THE COURT: Objection is overruled.

BY [PROSECUTOR]:

*Use your common sense and ask yourself what would be likely to happen under those circumstances. Just ask yourself what you believe, you know, from your own common experience.* (Emphasis added)

*Hawk v. State,* 482 S.W.2d 183, 184 (Tex. Crim.App.1972) states the following:

Comment about the silence of the accused during arrest violates Article 38.-22, Vernon's Ann.C.C.P. (1972 Supp), and the Fifth Amendment of the United States Constitution.

'In accord with our decision today, it is impermissible to penalize an individual for exercising his Fifth Amendment privilege when he is under police custodial interrogation. The prosecution may not, therefore, use at trial the fact that he stood mute or claimed his privilege in the face of accusation.'

*Miranda v. Arizona,* 384 U.S. 436, 468, n. 37, 86 S.Ct. 1602, 1625, 16 L.Ed.2d 694, 720 (1966)

An accused is entitled to a trial free from improper jury arguments. Proper instruction from the court will usually suffice to cure any error in argument. "Whether an argument is harmful enough to warrant reversal is ultimately determined on the basis of the argument's probable effect on the minds of the jurors." *Logan v. State,* 698 S.W.2d 680, 682 (Tex.Crim.App.1985).

To the extent that the prosecutor was commenting on the silence of appellant after arrest at the scene, even the State's brief concedes is error. However, the State argues the error was harmless. The curing effect of an instruction is not present in the record since appellant never requested an instruction, and the objection was overruled by the court. Whether a request for a curing instruction would have been made had the court correctly ruled on the objection is unknown. However, the court clearly erred in overruling the objection.

98

The resulting question then is whether the error was sufficiently harmful to require reversal.

TEX.R.APP.P. 81 (Vernon 1987) provides:

Rule 81(b) Reversible Error

(2) Criminal Cases. If the appellate record in a criminal case reveals error in the proceedings below, the appellate court shall reverse the judgment under review, unless the appellate court determines beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment.

The critical issue in the case was whether the State could prove appellant was the driver of the car that caused the accident. The appellant admitted driving the car involved when asked by the officer. Whether the admissibility of the statement was improper even though it occurred before he was placed under arrest is not before us, since appellant does not complain on appeal as to the admissibility of that confession. His original complaints dealt with the lack of corroboration to the confession. Since we have already determined that the record contains sufficient corroboration, the issue of whether appellant was driving is primarily established through his own admission. Thus, the harmful "probable effect" the improper argument could have had upon the mind of the jurors' would pertain to the issue of whether appellant was driving. In view of his confession and the other corroborating evidence, it would appear cumulative, and therefore harmless. We hold the error harmless beyond a reasonable doubt. However, the State is firmly reminded that an accused is entitled to a trial free from improper arguments.

The judgment is affirmed.