Beveridge-final 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-080-CR





DONALD E. BEVERIDGE,




 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE 



 




FROM THE COUNTY COURT AT LAW NO. 2 OF HAYS COUNTY 



NO. 33,661, HONORABLE LINDA A. RODRIGUEZ, JUDGE PRESIDING



 




 After a bench trial, the trial court found appellant guilty of driving while
intoxicated. Tex. Rev. Civ. Stat. Ann. art. 6701l-1 (West Supp. 1993). The trial court assessed
punishment at confinement in the county jail for two years and a fine of $400. The sentence was
suspended, and appellant was placed on probation for two years. On appeal, appellant complains
that the State failed to prove beyond a reasonable doubt that he was operating or driving the
vehicle while intoxicated. We will affirm the conviction.

 On the night of December 15, 1990, appellant's automobile collided with the
median barrier bordering the northbound lanes of Interstate-35 near San Marcos, Texas. The
vehicle was observed before the accident by another driver, Jennifer Mann, who testified at trial. 
Mann testified that she was travelling northbound on I-35 on the evening of December 15, 1990,
and noticed appellant's vehicle behind her car. The vehicle was traveling at a higher rate of speed
than the other traffic and changed lanes several times to pass other vehicles. She then saw the
vehicle swerve and strike the barrier in the median. Mann, along with several other drivers,
stopped to render aid. At the scene, Mann spoke with appellant, who was the sole occupant of
the wrecked vehicle.

 Daniel Misiazek, a San Marcos police officer, testified that he responded to a radio
dispatch to the accident scene at approximately 10:55 p.m. Upon arriving at the accident scene,
Misiazek found the damaged vehicle blocking several lanes of traffic. In response to Misiazek's
inquiry as to what happened, appellant stated that he was the driver of the car and had been
traveling southbound from Austin to San Marcos when another car had cut him off, forcing him
to swerve into the median. Misiazek observed appellant and detected an odor of alcohol, slurred
speech, and red, glossy eyes. Further, appellant's stated direction of travel was inconsistent with
the physical evidence at the scene. Misiazek had appellant perform several field sobriety tests. 
Based on the tests, Misiazek placed appellant under arrest for driving while intoxicated. Appellant
declined to submit to a breath test. After transporting appellant to the San Marcos Law
Enforcement Center, Misiazek and other officers interviewed appellant and filmed him performing
the field sobriety tests.

 The critical inquiry on review of the sufficiency of the evidence to support a
criminal conviction is whether the record evidence could reasonably support a finding of guilt
beyond a reasonable doubt. This Court does not ask whether it believes that the evidence at trial
established guilt beyond a reasonable doubt. Instead, the relevant question is whether, after
viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia,
443 U.S. 307, 318-19 (1979); Griffin v. State, 614 S.W.2d 155, 159 (Tex. Crim. App. 1981).

 The evidence shows appellant was the driver of the vehicle. Mann testified that
she witnessed the accident and immediately thereafter talked to appellant, the only occupant of the
vehicle and, apparently, the driver. While not explicitly stated, it is implied in Mann's testimony
that appellant was the driver of the vehicle. Appellant admitted to Misiazek that he was the driver
of the vehicle. Finally, the vehicle was registered in appellant's name.

 There is evidence of appellant's intoxication. Misiazek testified as to his
observations at the accident scene and sponsored the video tape of appellant that gave further
evidence of appellant's condition. Additionally, appellant admitted on the video tape that he had
consumed alcoholic beverages.

 Appellant cites Coleman v. State, 704 S.W.2d 511 (Tex. App.--Houston [1st Dist.]
1986, pet. ref'd), for his argument that a defendant's extra-judicial admission is insufficient to
prove the defendant was the driver, absent sufficient corroboration. We conclude that appellant's
admission combined with the other corroborating evidence is sufficient to prove appellant was
driving the car at the time of the accident. See Folk v. State, 797 S.W.2d 141, 143 (Tex.
App.--Austin 1990, pet. ref'd); Douthit v. State, 739 S.W.2d 94, 96 (Tex. App.--San Antonio
1987, no pet.); Wilson v. State, 688 S.W.2d 212, 213 (Tex. App.--Corpus Christi 1985, no pet.). 
Therefore, based on the record evidence, we believe a rational trier of fact could find the elements
of the offense of driving while intoxicated beyond a reasonable doubt. 

 We affirm the judgment of conviction.



 

 Jimmy Carroll, Chief Justice


[Before Chief Justice Carroll, Justices Aboussie and Jones]


Affirmed


Filed: April 21, 1993


[Do Not Publish]