Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio


## MEMORANDUM OPINION

No. 04-10-00354-CR

Sheila Dai **DEVILBISS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2006CR7726
Honorable Catherine Torres-Stahl, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:      Karen Angelini, Justice
           Steven C. Hilbig, Justice
           Marialyn Barnard, Justice

Delivered and Filed:  August 17, 2011

AFFIRMED

Appellant Sheila Dai Devilbiss appeals her conviction for misdemeanor driving while intoxicated. Devilbiss contends the evidence is insufficient to support her conviction. We affirm.

### BACKGROUND

In the early morning hours of November 26, 2005, Devilbiss and Robert Wayne Niznik were driving home from a family event. As Devilbiss and Niznik approached the entrance to

their apartment complex, they collided with another vehicle driven by Richard Gabriel Cox. At approximately 2:23 a.m., San Antonio Police Department Officers Muniz and Kasberg were dispatched to the accident.

At trial, Officer Kasberg, a fifteen year veteran, stated that when he arrived, Devilbiss was upset, crying, sorry, and very remorseful. Although Officer Kasberg admitted he did not see Devilbiss driving the vehicle, he testified that in response to his general questions about the accident, Devilbiss offered responses such as, "I didn't mean to hit him," and "I was driving fast coming over the hill." Officer Kasberg testified Devilbiss never asserted she was the passenger, and he could not remember anyone else at the scene claiming to be the driver. He also testified he could not recall speaking to Niznik.

Officer Kasberg testified Devilbiss had a strong odor of intoxicants on her breath and her appearance was "disorderly" and "soiled." Officer Kasberg also testified Devilbiss appeared sleepy, confused, and had slurred speech. According to Officer Kasberg, Devilbiss gave inconsistent answers to repetitive questions. Devilbiss refused to take a breathalyzer test. Because of lack of balance, Devilbiss was unable to properly perform any of the field sobriety tests, other than the horizontal gaze nystagmus ("HGN") test. As for the HGN test, Officer Kasberg noted Devilbiss exhibited six of the possible six signs of intoxication. Devilbiss admitted to Officer Kasberg that she had consumed four beers, some Captain Morgan's rum, and wine with dinner that evening.

Officer Kasberg arrested Devilbiss. After they arrived at the magistrate's office, Officer Kasberg continued to question Devilbiss. Officer Kasberg testified that when he specifically asked Devilbiss if she was the driver of the vehicle, Devilbiss did not respond verbally, but shook her head in an affirmative manner. To support Officer Kasberg's testimony that Devilbiss

admitted she was the driver of the vehicle, and that she was intoxicated, the State introduced into evidence a video taken while Officer Kasberg and Devilbiss were in the processing room. The video, which was admitted into evidence and viewed by the trier of fact, showed Devilbiss nodding her head affirmatively when Officer Kasberg asked if she was the driver. The video, which was taken approximately ninety minutes after the accident, also showed Devilbiss exhibiting signs of intoxication, including slurred speech and an inability to correctly recite the alphabet.

The State rested after it presented testimony from Cox, the individual driving the car that was struck. Cox testified about his injuries, but could not say who was driving the car that struck his car.

The defense then presented its case. Niznik, the individual in the vehicle with Devilbiss, testified at trial for the defense, claiming he was driving the vehicle at the time of the accident, not Devilbiss. According to Niznik, he convinced Devilbiss to claim she was the driver within the three or four minutes it took police to arrive after the accident. Niznik stated he later told the insurance company he was driving. However, Niznik admitted telling Officer Kasberg on the night of the accident that Devilbiss was the driver. Upon further questioning, he claimed that what he told the officer that night was a lie.

Devilbiss then testified, corroborating Niznik's testimony. Devilbiss stated she first refused Niznik's request to tell officers she was driving, but then agreed. Devilbiss claimed she never admitted she was the driver; rather, she just never denied it. She testified that once she and Officer Kasberg arrived at the station, she told him she was not the driver. However, the State introduced evidence of a recorded conversation with an insurance company representative in

which Devilbiss told the insurance company representative she could not remember what she told the officer about who was driving.

Although Devilbiss had been charged with intoxication assault and aggravated assault, the trial court found Devilbiss guilty of the lesser included offense of driving while intoxicated. The trial court sentenced Devilbiss to one year community supervision and ordered her to pay an $800.00 fine. Thereafter, Devilbiss perfected this appeal.

## ANALYSIS

In her sole issue, Devilbiss contends the evidence is insufficient to support her driving while intoxicated conviction. More specifically, she argues that because her alleged confession that she was the driver of the vehicle was uncorroborated due to the destruction of the processing room videotape and the absence of any other corroborating evidence, her conviction must be overturned.

### *Standard of Review*

In Texas, there is but one standard for reviewing the sufficiency of the evidence–the legal sufficiency standard under *Jackson v. Virginia*. *Brooks v. State*, 323 S.W.3d 893, 894-95 (Tex. Crim. App. 2010); *see Jackson v. Virginia*, 443 U.S. 307 (1979). Under the *Jackson v. Virginia* standard, we must view the evidence in the light most favorable to the verdict to determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Brooks*, 393 S.W.3d at 899. This requires us to defer to the trier of fact determinations of credibility and evidentiary weight. *Brooks*, 393 S.W.3d at 899. This is because the trier of fact is the sole judge of a witness's credibility and the weight to be given to a witness's testimony, and as such may believe a witness even though his testimony has been contradicted and may accept all, none, or part of a witness's testimony. *See id.*; *Dossett v. State*,

216 S.W.3d 7, 31 (Tex. App.—San Antonio 2006, pet. ref'd) (citing *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986)). As a reviewing court, we may not sit as a "thirteenth juror" and disagree with a fact finder's resolution of conflicting evidence and weight determinations. *Id*. It is the responsibility of the trier of fact, not the appellate court, to "resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 319).

### *Application*

A person commits the offense of driving while intoxicated if the person is intoxicated while operating a motor vehicle in a public place. TEX. PENAL CODE ANN. § 49.04(a) (West 2003). Devilbiss does not dispute the evidence establishing she was intoxicated or that she was in a public place when the accident occurred; rather, she argues there is no evidence to establish she was driving the vehicle at the time of the accident. Devilbiss asserts that although Officer Kasberg saw her standing next to the vehicle, he did not actually observe her driving the vehicle. Devilbiss contends her verbal admissions, i.e., statements to Officer Kasberg that she was "sorry," "I didn't mean to hit him," and "I was driving fast coming over the hill," are insufficient because they do not appear in a police report, transcript or video, and are therefore uncorroborated.

In a driving while intoxicated case, this court has held that any confession to the offense must be corroborated. *Douthit v. State*, 739 S.W.2d 94, 96 (Tex. App.–San Antonio 1987, no pet.). "The confession of the guilty party alone is not sufficient to support a conviction for the offense, the confession must be corroborated." *Id*. (quoting *Watson v. State*, 227 S.W.2d 559,

562 (Tex. Crim. App. 1950)). Accordingly, the State was required to corroborate Devilbiss's statements indicating she was the driver.[1]

Devilbiss's argument that there is no evidence of corroboration centers on the fact that the video from the processing room was accidently deleted after trial but before appeal, precluding review of the video by this court. It was in this video that Devilbiss allegedly gave a non-verbal admission to the fact that she was the driver, nodding her head affirmatively in response to Officer Kasberg's question. Devilbiss contends her admissions to Officer Kasberg at the scene of the accident cannot be corroborated and she therefore cannot be found guilty. It is undisputed that the video from the processing room, which was admitted into evidence and viewed more than once by the trial court, was accidentally deleted. The State introduced into evidence an affidavit from the court reporter averring that she was advised the video had been inadvertently erased during an attempt to copy it for appellate purposes.

The record proves the trial court, who was the trier of fact in this case, viewed the videotape more than once. When the videotape was viewed during trial, it was in connection with the officer's testimony about Devilbiss's "nod" on the video. The officer testified Devilbiss gave an affirmative nod when he asked if she was the driver. Despite the officer's testimony about the video and the fact that the trial court viewed the video, Devilbiss asserts this court's inability to view the tape is fatal to her conviction because we are unable to evaluate her actions, credibility, or demeanor. This, however, is not our role on appeal. *See Brooks*, 323 S.W.3d at 899; *Dossett*, 216 S.W.3d at 31 (citing *Sharp*, 707 S.W.2d at 614). In this case, the trial court was the sole judge of Devilbiss's and Officer Kasberg's credibility and the weight to be given

---

[1] We note Devilbiss's assertion that the court's opinion in *Byrd v. State*, 336 S.W.3d 242 (Tex. Crim. App. 2011) may impact the question of whether the identity of the defendant is part of the corpus delicti of driving while intoxicated. However, because Officer Kasberg's testimony was corroborated by the processing room video and Niznik's testimony at the trial court, we need not reach this issue.

their testimony. It was the responsibility of the trial court to weigh the evidence, and to draw reasonable inferences therefrom. *See Clayton*, 235 S.W.3d at 778 (citing *Jackson*, 443 U.S. at 319). Given the evidence, we hold the trial court could have believed Devilbiss nodded affirmatively in response to questions as to whether she was the driver. This was sufficient to corroborate Devilbiss's extrajudicial confession that she was the driver on the night of the accident.

However, even if we decline to consider the videotape given its absence from the record, we find there is evidence beyond Devilbiss's statements from which a rational trier of fact could have determined beyond a reasonable doubt that Devilbiss was the driver of the vehicle. During trial, the defense called Niznik as a witness. The following exchange occurred:

[Defense Counsel]: "And you told the officer that [Devilbiss] was driving?"

[Niznik]: Yes, sir.

[Defense Counsel]: Was that the truth?

[Niznik]: Yes, sir.

Although Niznik also testified his statement to Officer Kasberg was a lie "to save my own skin," the trial court, with the responsibility of determining Niznik's credibility, could have believed he was telling the truth when he told Officer Kasberg that Devilbiss was driving, and that he was lying to the court to help Devilbiss when he claimed he was the driver. As we noted in the standard of review, the trier of fact may believe a witness even though his testimony has been contradicted and may accept all, none, or part of a witness's testimony. *See Brooks*, 323 S.W.3d at 899; *Dossett*, 216 S.W.3d at 31 (citing *Sharp*, 707 S.W.2d at 614). As the reviewing court, we may not disagree with the trial court's resolution of conflicting evidence in this case. *See id.*

We hold Niznik's testimony was sufficient to corroborate Devilbiss's statements, which established she was the driver. Accordingly we overrule her sole issue.

## CONCLUSION

Based on the foregoing, we overrule Devilbiss's sufficiency challenge and affirm the trial court's judgment.

Marialyn Barnard, Justice

Do Not Publish